## HUGHES v. OREGONIAN RY. Co., (Limited.)

CORPORATIONS—GARNISHEE.—The property or funds of a private corporation, not having been declared a dividend, in the hands of a stockholder, is subject to execution on a judgment against the corporation, and the execution creditor is entitled to the remedy by "proceedings supplemental to execution," provided by the code, to enforce payment of his demand.

APPEAL from Multnomah County.

*W. H. Effinger*, for appellant.

*Bellinger & Gearin*, for respondent.

By the Court, WATSON, C. J.:

The respondent, Hughes, having recovered judgment against the Oregonian Navigation Company (Limited) for $3,800 and costs, in an action at law, instituted this proceeding against the appellant to obtain satisfaction thereof, alleging that it held in its possession a large sum of money belonging to the judgment debtor. The issues were tried by the court, and the findings of fact, upon which the judg-

ment appealed from was rendered, are as follows:    That on the seventeenth day of May, 1880, the Oregonian Navigation Company (Limited) purchased and became the owner of the two certain steam-boats mentioned in the allegations, interrogatories, answer, and reply herein, called the "City of Salem" and "Ohio." That thereafter said company rebuilt the said steamer Ohio and gave to it the name of the Salem, the price paid for said boats being $36,000. That about the second day of April, 1881, the Oregonian Railway Company, (Limited,) garnishee herein, purchased 499 shares, of the par value of $100 each, in the capital stock of the Oregonian Navigation Company, (Limited,) paying therefor $36,000, being a controlling interest in the stock of said navigation company.    That said stock was purchased by the said railway company as a convenient and lawful method of owning and controlling said steamers by the railway company.    That said shares of stock were transferred as fully paid up, non-assessable, as shown by the certificate thereof, of which the following is a copy:

"Incorporated May 14, 1880.

"1,000 shares of $100 each.    No. 6.

"For 499.    PORTLAND, OREGON, April 3, 1881.    Oregonian Navigation Company, (Limited.)    This is to certify that the Oregonian Railway Company (Limited) is the owner and holder of 499 fully paid shares of the capital stock of the Oregonian Navigation Company, (Limited,) transferable only on the books of the company, at its office, in the city of Portland, Oregon, by indorsement hereon and surrender of this certificate.    WILLIAM REID, President.

ELLIS G. HUGHES, Secretary."

That during all the times mentioned herein, William Reid

was manager, and Ellis G. Hughes was the attorney of both of said corporations. That Ellis G. Hughes, as attorney for the railway company, advised William Reid, the manager thereof, that the railroad company could not own the steam-boats herein mentioned, as it was a foreign corporation. That said steamers remained the property of said navigation company until November, 1881, when they were sold by it to William Reid for $23,000. That the proceeds of said sale were taken and received by the Oregonian Railway Company, (Limited,) garnishee, defendant herein. That said sum of $23,000, so received by the railway company, is still in the possession of said company, garnishee herein. That Ellis G. Hughes has a judgment for $3,800, and costs, which remains unpaid and unsatisfied, in any part, against the said Oregonian Navigation Company, (Limited.) Judgment was given for the respondent for the full amount of his judgment against the Oregonian Navigation Company, (Limited,) with costs.

We find no ground for interfering with the judgment of the circuit court. After all, the appellant was only a stockholder, and the legal title to the boats and funds realized from their sale was in the corporation, the Oregonian Navigation Company, (Limited.) Nor is the objection to the proceeding at law well taken. It cannot be inferred from the findings that the appellant received this money as a dividend on its shares of stock, and if it did not, it had no greater right to retain it against the judgment creditor than an entire stranger would have. It had no legal title, and simply had possession of funds belonging to the judgment debtor. (*Hyatt* v. *Allen*, 56 N. Y., 553; *Minot* v. *Paine*, 99 Mass., 101.)

The judgment is affirmed with costs.