E. C. WILLIAMS ET AL. V. WARREN & SON.

No. 3113.

1. **Parties—Judgment.**—It is an elementary and fundamental rule of procedure as well as of right that a party can not be bound by a judgment without being allowed a day in court. He must be cited or have made himself a party to authorize a personal judgment against him.

2. **Sureties on Common Law Bond.** — Sureties save in statutory bonds where the statute authorizes it must be made parties before judgment against them can be rendered.

3. **Case in Judgment.**—An attachment at suit of Warren & Son was levied upon property of the East and West Texas Lumber Company. Pending the proceedings Harrison was appointed receiver of the lumber company. The property was sold by the receiver under order of the court and the net proceeds were by order of the court turned over to Williams and Mings, creditors of the company, they first executing a bond to the receiver obligating themselves "to pay such judgment as Warren & Son might recover," with Roland and Moody sureties. This bond was approved by the judge. Neither Williams and Mings nor their sureties were made parties, nor did they appear. *Held*, that a judgment rendered upon a trial of the attachment suit against the lumber company and Harrison, the receiver, against the obligors on the bond was without jurisdiction, and as to them the case is reversed.

ERROR from Upshur. Tried below before Hon. FELIX J. McCORD. The opinion states the case.

*N. W. Finley*, for plaintiffs in error.—1. A person will not be bound by a judgment rendered in a cause to which he is not a party.

2. Judgment can not legally be rendered against a surety on an obligation in a suit to which he is not a party, except in cases of statutory bonds, where the law expressly provides that it may be done. Hardin v. Blackshear, 60 Texas, 132; Wooldridge v. Griffith, 59 Texas, 290; Dunlap v. Sutherlin, 63 Texas, 38.

*Peteet & Crosby*, for defendants in error.—There was no error in the court rendering judgment against the plaintiffs in error, they being parties to the suit and bound by the East and West Texas Lumber Company. Freem. on Judg., secs. 174–176.

MARR, JUDGE, *Section A*.—June 17, 1888, the defendants in error, Warren & Son, brought suit in the District Court of Upshur County, based on account, against the East and West Texas Lumber Company, procured the issuance of the original writ of attachment as auxiliary thereto, and caused the same to be levied on certain personal property of the said East and West Texas Lumber Company.

The defendants, the East and West Texas Lumber Company and N. M. Harrison, as receiver of the East and West Texas Lumber Company, both answered in said cause.

January 10, 1890, the case came on to be tried. The evidence was heard, and there being no other parties to the suit or before the court than those above named, judgment was rendered in favor of the said plaintiffs against the said defendants, the East and West Texas Lumber Company and N. M. Harrison, receiver of the East and West Texas Lumber Company, and also against these plaintiffs in error, E. C. Williams, S. J. Mings, J. D. Moody, and B. W. Rowland; and against this judgment the plaintiffs in error have prosecuted their writ and brought the cause to this court for a revision of the judgment.

They present the following assignments of error, viz.:

1. "The court erred in rendering judgment against plaintiffs in error, because they had not been cited as parties to said cause, had not voluntarily made an appearance therein, and were in no sense parties to or represented on the trial of the cause.

2. "The court erred in rendering judgment against Williams and Mings by reason of any liability they may have incurred by the bond executed by them to N. M. Harrison, receiver; for if they were liable upon such bond their liability was an independent liability, upon which they were entitled to a hearing, and which must be determined and enforced in due course of law.

3. "The court erred in rendering judgment against J. D. Moody and B. W. Rowland as sureties of Williams and Mings on said bond, they not being parties to the suit and the bond not being a statutory one upon which judgment may be rendered without notice to sureties."

There is no statement of facts, and we can therefore arrive at such facts as illustrate the rulings of the court below only in so far as they are disclosed by the recitations in the judgment or as stated in the pleadings. It appears from the judgment that. after the levy of the writ of attachment (June 17, 1888) and the appointment of the receiver, as before stated (which we presume was subsequent to the levy of the attachment), all of the property of the lumber company, including the property which had been attached on behalf of Warren & Son, was on the 6th day of July, 1888, "by order of the court," placed in the hands of the receiver N. M. Harrison; and that "by order of the court," made on the 3d day of December, 1888, "*all* of the property" of said company was "sold at public outcry and the proceeds thereof paid to said receiver." It further appears from the recitations in said judgment, that "by order of the court made in chambers" on the 8th day of February, 1889, "said receiver was ordered to pay over the proceeds of all the property of the said defendant the East and West Texas Lumber Company (less the expenses incident to said receivership) to S. J. Mings and E. C. Williams, creditors of said defendant, upon condition of their executing an indemnity bond, obligating themselves to pay such judgments as the plaintiffs (Warren & Son) and T. E. Barnwell might recover." It is further made to appear from the same source,

that said Mings and Williams did execute, with B. W. Rowland and
J. W. Moody as sureties, on the 7th day of February, 1889, such "in-
demnity bond" as was required by the above "order of court, made in
chambers," which was on the next day (8th) "approved by the judge
of the court in chambers and was delivered to said receiver." The bond
was in the sum of $2800, and the inference from the judgment is that
thereupon the receiver paid over to Mings and Williams the entire pro-
ceeds of the sale of all of the property of the company, less the expenses
as aforesaid. The transcript does not contain a copy of the bond, and
we are informed of its terms only by the description given in the
final judgment. The record does not inform us in what suit or at whose
instance the receiver was appointed, or whether the bond was given or
filed in the present suit, though it is evident from the description of the
bond contained in the judgment that its obligations have reference to
the pending controversy. It may be that it was made expressly pay-
able to the receiver and was intended alone for his indemnification, but
whether it inures or not to the benefit of Warren & Son we are not re-
quired now to decide, as that question is not presented. Neither are
we required to determine whether such a bond should be held void un-
der our statutes relating to receivers, as being in excess of the authority
of the court to allow any such disposition of the property in custodia
legis and being administered subject to well defined limitations (Sayles'
Civ. Stats., arts. 1461–1466, 1458, and note); nor whether, if the bond
is invalid, the plaintiffs in error are in a position to take advantage of
its illegality, if any. It does not appear that Mings and Williams were
any more than general creditors of the lumber company, but it is shown
that they were allowed to relieve the receiver of the entire assets or re-
maining property of the company, reduced to cash, after the payment
of the expenses, and to substitute for the custody of the receiver and
the control and supervision of the court a mere promise to satisfy the
judgments of the other creditors in the shape of "the indemnity bond."
We have been referred to no statute providing for such a bond, or for
summary relief thereon, as in cases of a claimant or replevin bond as
provided in other statutes. Rev. Stats., arts. 4823–4843, 168–170, 181;
2 Ct. App. C. C., sec. 231; Wilber v. Kray, 73 Texas, 537; Dixon v.
Zadek, 59 Texas, 530. If the plaintiffs in error are therefore liable on
the indemnity bond, it must be upon the ground that the bond is valid
as a voluntary obligation.

This brings us to the main question, whether they were entitled to be
impleaded and cited to appear and defend before any judgment could
be legally rendered against them upon the bond. None of the plaintiffs
in error appeared, nor were they cited. The court below gave judg-
ment against them upon the "indemnity bond" for the plaintiffs' debt,
amounting to the sum of $1214.29, and for that amount also against the

lumber company, and for a foreclosure of the attachment lien "as it existed on the 17th day of June, 1888," upon the proceeds of the sale of the property, and further declaring that plaintiff is entitled to the payment of his debt out of the money derived from the sale of all of the property, including that levied upon, and which had been sold by the receiver, but paid over to Mings and Williams, etc. Although the plaintiffs Warren & Son amended their original petition before the trial of the cause, and after the execution of the indemnity bond, still they did not set it up nor ask any relief upon it, nor did they implead any of the obligors. No reference is made to the bond in any of the pleadings of any party. It is an elementary and a fundamental rule of procedure as well of right that a party can not be bound by a judgment without being allowed "a day in court." He must be notified of the proceedings to authorize a personal judgment against him, ordinarily, unless he has voluntarily become a party to the suit. We think that the judgment below is binding, if at all, upon the plaintiff in error only to the extent that it determines the liability of the lumber company or the receiver, and the amount thereof, to the plaintiffs Warren & Son. In a suit against the plaintiffs in error, on the bond, the judgment would perhaps be admissible in evidence against them for that purpose. This is as far as they made themselves privy to the suit. There is neither pleadings nor process to support the judgment against them for the debt and upon the bond. To recover upon the bond, as we have said, the plaintiff must do so, if at all, upon the assumption that the instrument is good as a common law bond. A proceeding for that purpose, whether in the present or another suit, would be entirely independent of and distinct from the purposes of the original suit and the assertion of a new title or right of action. Wallace v. Finberg, 46 Texas, 35.

The bond would certainly seem to stand upon no higher ground and provide no shorter route to a judgment thereon than the indemnity bond given to a sheriff to induce the levy of a writ of attachment. Rev. Stats., art. 165. In such case and when the sheriff is sued for damages, he always has been required to implead the sureties on the indemnity bond, and is not entitled to summary relief against them, though now he can make them parties to the pending suit. Acts 1885, Gen. Laws, p. 90; Thomas v. Chapman, 62 Texas, 193. The plaintiffs in error in executing the bond simply contracted or covenanted to perform certain acts in the future, conditioned upon the occurrence of certain things as specified in the instrument; and the bond not being a statutory one, intended to have the force or effect of a judgment, or to authorize a summary judgment thereon, the court below did not in our opinion acquire any jurisdiction over the bondsmen to hold them liable upon the bond in the absence of any notice to them and of allegations of a breach of the bond or contract. Jones v. Reynolds, 2 Texas, 250; Dunlap v. Southerlin, 63 Texas, 38.

Appellee relies upon section 176 of Freeman on Judgments as an authority to sustain the judgment.   Only one of the two cases cited by Mr. Freeman is accessible to us, and that sustains the views we have expressed as to the effect of the judgment upon the rights of the plaintiffs in error.   Rapelye v. Prince, 4 Hill, 119.   The other decision was probably based upon a statute.   Id., secs. 141, 181.

We conclude that so much of the judgment of the District Court as awards a recovery against the plaintiffs in error ought to be reversed and set aside, and that the proceedings against them in this suit be dismissed, and that they recover their costs in this behalf incurred.

*Reversed and dismissed.*