## W. Showalter v. Laredo Improvement Company et al.

### No. 3188.

1. **Receiver — Extent of Authority.** — A creditor of the Laredo Improvement Company, which was insolvent, brought suit on his claim, alleging the insolvency of the defendant, and that it had large landed interests in Laredo, and a street railway, asking appointment of a receiver. The court appointed a receiver with power ''to take charge of the property of said company, and to have all the powers and perform all the functions of receivers under the law.'' *Held,* the power of the receiver was not limited to the land and railway, but extended to all assets of the company subject to the payment of its debts. This includes arrearages of stockholders.

2. **Arrearages of Stockholders in Insolvent Corporations.**—The provisions of article 595, Revised Statutes, do not apply to an insolvent corporation in hands of a receiver. It can not be proper for a creditor obtaining judgment to cause the remaining property of the corporation to be placed in the hands of a receiver, and then proceed by notice and execution to appropriate to the satisfaction of his own judgment the arrearages of the stockholders.

Appeal from Webb. Tried below before Hon. A. L. McLane. The opinion states the case.

*S. C. Newton* and *Herbert Walcott,* for appellant.—1. The right of appellant to an execution against Wilcox and Kampmann to the extent of their unpaid subscriptions is not affected by the appointment of receivers of the Laredo Improvement Company. Rev. Stats., arts. 595–608; Railway v. Whitaker, 68 Texas, 630; Thomp. Liability of Stockholders, sec. 342; Tucker v. Gilman, 52 N. Y., 193; Farnsworth v. Wood, 91 N. Y., 308; Mann v. Pentz, 3 N. Y., 415; Mora. on Priv. Corp., sec. 869, note 4; Hanna v. Bank, 67 Mo., 678.

2. The unassessed stock subscriptions were not placed in custodia legis by the bill asking for the appointment of receivers or by decree appointing them. High on Receivers, arts. 463, 322, 324–326; Mann v. Pentz, 3 N. Y., 415; Railway v. Whitaker, 68 Texas, 630; Hanna v. Bank, 67 Mo., 678.

*Pierce & Howland,* for appellee Wilcox.—1. Appellant's application or bill for appointment of receiver of improvement company contemplated a ''corporation receivership,'' under subdivisions 3 and 4 of article 1461, Revised Statutes, and the lower court acquired such juris-

diction as to be fully authorized to appoint a receiver not only of the property but also "for the corporation," insolvency being alleged and admitted. Rev. Stats., arts. 1461–1470; High on Receivers, secs. 343–352, 88, 346; Beach on Receivers, secs. 2, 4, 7, 117, 130, 132, 251, 249, 412, 405, 403, 404, 417; Fagan v. Ice Co., 65 Texas, 324–331.

2. In corporation cases a receiver only can collect unpaid subscriptions to capital stock; and appellant having invoked the receivership for himself and other creditors, must abide thereby. Rankin v. Elliott, 16 N. Y., 377; Thompson v. Hightower, 52 Am. Dec., 425, 426; High on Receivers, secs. 324, 352; Thomp. Liability of Stockholders, sec. 324; Taylor on Corp., secs. 707, 542, 523.

*Nicholson, Dodd & Mullally,* for receivers.—Where a corporation, other than railway, religious, or charitable, is placed in the hands of receivers by creditors on account of insolvency, the right to collect unpaid subscriptions to the capital stock of such corporation during the pendency of such receivership is vested solely in said receivers or in the court in which such receivership is pending. Acts 20th Leg., chap. 131, p. 119; Acts 21st Leg., chap. 59, p. 55; Beach on Receivers, secs. 2, 252, 663, 669, 670; Mora. on Priv. Corp., secs. 779, 819, 822, 869, 872, 881.

HENRY, ASSOCIATE JUSTICE.—The appellant sued the Laredo Improvement Company for debt, charging that it was insolvent, and praying for the appointment of a receiver. The petition in regard to the property of the defendant charges, that "said defendant has a large body of real estate in the city of Laredo, Webb County, Texas, of the value of $150,000, and a street railway and franchise in said city of the value of $100,000, and no other property within plaintiff's knowledge."

The court appointed a receiver, with powers expressed as follows: "To take charge of the property of said company, and to have all the powers and perform all the functions of receivers under the law." In addition to the property specially mentioned in the petition, the stockholders of the corporation were liable to it on account of their not having fully paid for the shares of stock held by them.

The plaintiff having recovered a judgment for his debt, caused an execution to be issued against the corporation, which the sheriff returned unexecuted, because he could not find property upon which to levy it. Thereupon the appellant applied for an order of the court, under article 595 of the Revised Statutes, for execution against the appellees Wilcox and Kampmann, who owned unpaid stock in the corporation. The relief thus sought was resisted by the receivers and the stockholders, and was refused by the court.

The errors assigned are substantially as follows:

"1. That the laws of Texas do not authorize the appointment of receivers with power to sue stockholders for amounts unpaid on their capital stock.

"2. That article 595 of the Revised Statutes gives to creditors the right to have execution against stockholders for the amount of their unpaid stock without regard to the appointment of a receiver.

"3. That the application only asked for receivers for the real estate and street railway of defendant, and no greater authority than that asked could be conferred upon them.

"4. That the order of the court appointing receivers limited their powers to the real estate and street railway in the city of Laredo, and did not include the demands for unpaid stock."

The provisions of our statutes clearly show that the arrearages of stockholders for unpaid stock are, for the purposes of paying the debts and making distribution of the assets of a corporation, as much to be treated as its property as anything else owned by it. The statute relating to the appointment of receivers for insolvent corporations does not contemplate the administration of anything less than the whole of its property that is subject to the payment of its debts. The order of the court appointing a receiver is not necessarily limited to such property as may be mentioned in the petition for one. The order of the court appointing the receivers embraced the whole of the property of the corporation, and the petition did not clearly limit the application to less than the whole.

We do not think that the provisions of article 595 of the Revised Statutes apply to an insolvent corporation in the hands of a receiver. It certainly can not be proper for the plaintiff to cause the remaining property of the corporation to be placed in the hands of a receiver, and then proceed by notice and execution to appropriate to the satisfaction of his own judgment the arrearages of the stockholders.

The court properly refused to order the issuance of the executions. The judgment is affirmed.

*Affirmed.*

Delivered January 29, 1892.

A motion for rehearing was refused.