HERF & FRERICHS CHEMICAL COMPANY v. E. J. BREWSTER ET AL.

Decided February 27, 1909.

**1.—Bankruptcy—Corporation—Unpaid Subscription—Suit by Creditor.**

To warrant a creditor of a bankrupt corporation in suing the stockholders for unpaid balances upon their stock subscriptions, it must be alleged and proved by such creditor that the trustee in bankruptcy had failed and refused to file such suit.

**2.—Same—Statute Construed.**

So long as an insolvent estate is being administered by the courts, the receiver or trustee in bankruptcy alone has the right to pursue the remedy provided by article 671, Rev. Stats., for the collection of unpaid stock subscriptions.

Appeal from the Fifty-fifth Judicial District, Harris County. Tried below before Hon. W. P. Hamblen.

*Griggs & Barkley,* for appellant.—The court erred in sustaining the

general demurrer to plaintiff's petition. Briggs v. Avary, 106 S. W., 905; Bank v. Lasater, 196 U. S., 115; Flash v. Connecticut, 109 U. S., 371; Atwood v. R. I. Bank, 1 R. I., 376; Dushane v. Beall, 161 U. S., 514; Wait on Insolvent Corp., sec. 621, p. 568; 3 Thompson on Corp., secs. 3368, 3417, 3550, 3552, 3558; Morawitz on Priv. Corp., sec. 884, p. 856; Beach on Receivers, secs. 300, 444, 448, 450; Wallace v. Lincoln Sav. Bank, 15 S. W., 451; Brinckerhoff v. Bostwick, 88 N. Y., 52; Beach on Receivers, sec. 742; Collier on Bankruptcy, pp. 143, 72; In re Marshall Paper Co., 102 Fed., 872; Rev. Stats., arts. 671, 684; Flash v. Connecticut, 109 U. S., 371; Shellington v. Howland, 53 N. Y., 371; Wiles v. Suydam, 64 N. Y., 173; Handy v. Draper, 89 N. Y., 334; Hilliker v. Hale, 117 Fed., 221; Evans v. Nellis, 187 U. S., 276.

*Hunt, Myer & Townes* and *Baker, Botts, Parker & Garwood,* for appellees.—Unpaid stock subscriptions, fund for satisfaction of all charges against corporation: National Bank v. Texas Investment Co., 74 Texas, 436; Mathis v. Pridham, 20 S. W., 1020.

Suits for collection of same can be prosecuted only by trustee: 1 Remington on Bankruptcy, p. 1060; Showalter v. Laredo Im. Co., 83 Texas, 164; Com. Bank v. Warthen, 47 S. E., 536; Falco v. Kaupisch Co., 70 Pac., 287.

McMEANS, ASSOCIATE JUSTICE.—Appellant, plaintiff below, alleged in its petition, in substance, that having a claim against the Home Ice Company, a domestic corporation, it brought suit against said corporation thereon and recovered judgment for $1,755.64, besides costs of suit, upon which execution was issued and returned *nulla bona;* that at the time of the rendition of said judgment and the issuance and return of said execution, said corporation had no property or assets out of which said judgment could be satisfied in whole or in part and that it was insolvent and bankrupt, and that said corporation, on the petition of appellees who were stockholders therein, had been adjudged a bankrupt by the United States District court, and that in said bankrupt proceeding, which was still pending in said court, all of the property and effects of the corporation had been vested in the trustee in bankruptcy, and that the same had been by the trustee distributed to the secured claimant, E. J. Brewster, one of the appellees, and that there was nothing left of the property of said bankrupt to pay plaintiff's judgment or to pay the costs of further administration of the bankrupt estate in the United States District Court, and that no further administration of the bankrupt estate can be had or is attempted to be had in said court. Plaintiff further alleged that the appellees, defendants below, were the principal subscribers to the capital stock of said bankrupt corporation, and that they had failed to pay said corporation par value of the stock subscribed for by them, but that same was still due and owing; that neither of said stockholders, nor the bankruptcy court, nor any of the creditors of the bankrupt corporation, have made, nor are they or either of them making any effort, nor do they or either of them seek to marshal the assets of the bankrupt corporation represented by the unpaid balance due upon stock subscriptions, the par value of which

is $100 per share, nor to collect the amount due on same; and that plaintiff by this suit seeks to collect a sufficient amount due on said unpaid stock subscriptions to satisfy said judgment and which, it alleged, is its only remedy and without which its debt will be lost. It further alleged that secret settlement of all other claims against the bankrupt corporation had been made by appellees, leaving plaintiff's judgment the only unpaid claim against said corporation, and that it is without remedy to collect its claim except under article 671, chapter 4, article 685, chapter 5, of the Revised Statutes of Texas and other general statutes, by virtue of which the suit is brought for the sole benefit of plaintiff. The prayer was for judgment against the defendants jointly and severally for $2000, and interest and costs of suit, and for general relief.

A general demurrer urged by appellees to the petition was sustained by the court and, appellant declining to amend, the court entered judgment dismissing the suit, and from that judgment this appeal is prosecuted.

By its first assignment of error appellant contends that the court erred in sustaining the demurrer and dismissing its suit, because the trustee in bankruptcy was not compelled to accept title to property which he considered onerous, nor to choses in action which he deemed unprofitable to prosecute; and when he failed and refused to prosecute suits against the stockholders for the amounts due on their stock subscriptions, the appellant had the right to sue for enough thereof to satisfy its debt. By the second assignment appellant urges that it had the right to sue the delinquent stockholders because the trustee in bankruptcy had failed and refused to sue for the amounts due thereon.

A sufficient answer to these assignments is that appellant did not allege that the trustee had failed and refused to prosecute suits against the stockholders to collect their unpaid stock subscriptions or any part thereof.

By their other assignments of error appellant contends that it was error for the court to sustain the general demurrer and dismiss its suit, for the reason that being a judgment creditor of the corporation with execution returned unsatisfied, it had the right to pursue the remedy provided by statute in favor of such a creditor against delinquent subscribers for the capital stock.

It is unquestionably the law that the balance due upon unpaid stock subscriptions constitutes a trust fund for the satisfaction of the debts of the corporation (National Bank of Jefferson v. Texas Investment Co., 74 Texas, 436; Mathis v. Pridham, 1 Texas Civ. App., 58), and ordinarily when a judgment has been obtained against a corporation and there can be found no property upon which to levy execution, that execution may be issued against any stockholder to the extent of the amount of his unpaid stock, upon order of the court in which the judgment was rendered against the corporation, made upon motion in open court after reasonable notice in writing has been given to the stockholders thus sought to be charged. (Revised Statutes, art. 671.) But it has been held, by the Supreme Court of this State, that the article above cited has no application

to an insolvent corporation in the hands of a receiver; that the provisions of our statutes clearly show that the arrearages of stockholders for unpaid stock are, for the purpose of paying the debts and making distribution of the assets of a corporation, as much to be treated as its property as anything else owned by it. (Showalter v. Laredo Improvement Co., 83 Texas, 164.) The rights and duties conferred upon receivers of the property of an insolvent corporation and trustees in possession of the property of such a corporation under the appointment of a court of bankruptcy, are largely the same. The title of the property of the insolvent corporation is vested in the receiver or the trustee in bankruptcy in trust for the benefit of the creditors, and it is his right and duty, when the interest of the creditors require, to compel by proper proceeding the delinquent subscribers to pay the balance due on their unpaid stock, and with the fund thus acquired to discharge, as far as he may, the debts of the corporation. So long as the estate is being administered by the courts, the receiver or the trustee alone has the right to pursue the remedy provided by law for the collection of unpaid stock subscriptions. Commercial Bank v. Warthen (Ga.), 47 S. E., 537, and authorities cited. It follows, therefore, that the court did not err in sustaining the demurrer, and the judgment is affirmed.

*Affirmed.*