NESOM v. CITY NAT. BANK.   (No. 397.)

(Court of Civil Appeals of Texas.   El Paso.
Feb. 25, 1915.   Rehearing Denied
March 18, 1915.)

1. CORPORATIONS ⬥⟺255—GARNISHMENT—UNPAID STOCK SUBSCRIPTION.

A judgment creditor of a corporation may, by garnishment, enforce liability for the unpaid balance upon a subscription to its capital stock; such unpaid subscription being treated as property of the corporation for paying its debts and making distribution of its assets.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1031–1035; Dec. Dig. ⬥⟺255.]

2. GARNISHMENT ⬥⟺7—JUDGMENT AUTHORIZING.

Under Rev. St. 1911, art. 271, subd. 3, providing that the district and county courts may issue garnishment when the plaintiff has a judgment and makes affidavit that defendant to his knowledge has no property in his possession within the state subject to execution, sufficient to satisfy the judgment, a judgment against a garnishee rests on the validity of the judgment against the defendant in the original suit; and hence the garnishee's answer that the original judgment was void for want of jurisdiction of the defendant was a good defense, though if the judgment in the original suit was only voidable and not void, and no appeal was taken, and it was not set aside, the irregularities making it voidable would be no defense to the garnishee.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 6–10; Dec. Dig. ⬥⟺7.]

3. JUDGMENT ⬥⟺16—JURISDICTION—PROCESS.

A judgment is void when no jurisdiction is acquired over the property of defendant, and there is no legal service of process or appearance, since he must have his day in court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 22, 24; Dec. Dig. ⬥⟺16.]

4. CORPORATIONS ⬥⟺216 — LIABILITY OF STOCKHOLDERS—WHAT LAW GOVERNS.

The charter of a foreign corporation or the statute under which it was organized determines the liability of resident shareholders to its creditors; and, if a shareholder is liable at all, he is liable only according to the law of the corporation's domicile; and, if an unpaid subscription for stock is not a corporate asset, it cannot constitute a fund from which creditors are entitled to be paid.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 829–834; Dec. Dig. ⬥⟺216.]

5. RECEIVERS ⬥⟺207—FOREIGN—TERRITORIAL JURISDICTION.

A foreign receiver has no extraterritorial jurisdiction, and his functions and powers are limited to the state in which he is appointed, so that, where no ancillary proceedings for the ap-

---

pointment of a receiver are commenced in this state, title to property here does not vest in him.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 411–415; Dec. Dig. ☞207.]

Appeal from El Paso County Court; J. M. Deaver, Special Judge.

Action by the City National Bank against J. T. Nesom. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

G. L. & Atlas Jones, of El Paso, for appellant. Stanton & Weeks, of El Paso, for appellee.

WALTHALL, J. In this suit, the appellee, City National Bank, sues to collect from appellant, J. T. Nesom, as garnishee, the sum of $100 and interest thereon, alleged to be due and owing by appellant to the Western New Mexico Development Company, a corporation, upon a subscription in writing, executed by appellant for unpaid balance to its capital stock in said company. The case was tried by the court without a jury.

The court made the following findings of fact: That the Western New Mexico Development Company was organized in 1907 and was incorporated under the laws of New Mexico in that year, with its principal office in New Mexico, and stated the purposes of its organization; that a business office of said company was established in El Paso, Tex., and that the principal business of the company was transacted at its El Paso office; that, at the time of the incorporation and the service of the garnishment, a majority of the stockholders, including appellant, resided in El Paso county, Tex., and had not paid their entire subscriptions for corporate stock; that appellant had signed the subscription list and agreed to take the stock; that appellant had paid $400 of his subscription and still owed $100; that the board of directors of the company, by resolution adopted, had called on all subscribers to pay their subscriptions in full; that the appellee had recovered a judgment against the company for $583.24, and that a large portion of it was still due and owing the appellee; that the writ of garnishment was issued and served on appellant, who answered, denying any indebtedness to the company; that a fee of $50 is a reasonable attorney's fee in the garnishment suit.

The court concluded that appellant was, to the extent of his unpaid subscription to the corporate stock, liable to appellee as garnishee against appellant, and rendered judgment for appellee for $100, interest and costs.

[1] Appellant's first and fifth assignments of error are to the overruling of a special exception, and the two propositions thereunder are substantially that a judgment creditor of a corporation cannot, by garnishment proceeding, enforce the liability for the unpaid balance due upon subscription to the capital stock of a corporation. These assignments must be overruled. The appellant has referred us to no authority sustaining the propositions contained in the assignments. The courts of this state have construed our statutes as showing that the arrearages of stockholders for unpaid stock are for the purposes of paying the debts and making distribution of the assets of a corporation, as much to be treated as property as anything else owned by it. Showalter v. Laredo Imp. Co. et al., 83 Tex. 162, 18 S. W. 491. The case to which we are referred as sustaining the appellant's view is Mathis v. Pridham, 1 Tex. Civ. App. 58, 20 S. W. 1015. In that case the court said that the right of a creditor to sue an individual stockholder to recover an unpaid subscription and apply it upon his debt does not conflict with the rule laid down in that case, and states the reason why it is not in conflict. Rood on Garnishment, § 112, states the rule to be that, when a subscriber for stock in a corporation is in default for installments for which calls have been made, he stands in the same attitude as any other debtor of a corporation, and may be charged as garnishee therefor in suits against it. In Hughes v. Oregonian Ry. Co., 11 Or. 158, 2 Pac. 94, the court said that the property of a corporation in the hands of one of its stockholders may be reached by garnishment.

Appellant's second assignment is to the action of the court in sustaining appellee's exception to a paragraph in appellant's answer, which is in words following:

"That the judgment mentioned in said amended petition and issues, against the Western New Mexico Development Company, is void for the reason that the county court of El Paso county, Tex., which rendered said judgment, never acquired jurisdiction of or over said Western New Mexico Development Company, or any of its property, or said receiver, W. R. Merrill, in the cause in which said judgment was rendered, through process or appearance or answer by said company or said receiver, in the cause in which said judgment was rendered."

The exception was on the ground: First, that the plea of want of jurisdiction in the court was insufficient and showed no right of the defendant to attack or in any manner bring in question the jurisdiction of said court to render the judgment in the original suit, the garnishment branch of the suit being a collateral proceeding; and, second, that the allegations were mere conclusions of law, and set forth no specific facts which show or tend to show want of jurisdiction in the court to render the judgment.

[2] Appellee's garnishment suit is based on article 271 and the third subdivision of said article, Revised Civil Statutes of 1911 (former article 217), which reads as follows:

"The clerks of the district and county courts and justices of the peace may issue writs of garnishment, returnable to their respective courts, in the following cases: * * * 3. Where the plaintiff has a judgment and makes affidavit that the defendant has not, within his

knowledge, property in his possession within this state, subject to execution, sufficient to satisfy such judgment."

We believe that the petition sufficiently stated the facts which, if true, would render the judgment void, and such facts as would authorize the introduction of evidence to show want of jurisdiction in the county court to render the judgment.

The judgment rendered by the county court against the garnishee rests for its basis on the validity of the judgment against the defendant in the original suit. Edrington v. Allsbrook, 21 Tex. 186; Horst v. City of London Fire Ins. Co., 73 Tex. 67, 11 S. W. 148; Rowlett v. Lane, 43 Tex. 274.

It is true, as claimed by appellee, that if the judgment in the original suit was only voidable and not void, and the voidable judgment was not set aside, and from which no appeal was taken, the irregularities making it voidable could form no basis of defense to the garnishee. Such judgment would conclude the garnishee as much so as it would the original defendant. Patterson v. Seeton, 19 Tex. Civ. App. 430, 47 S. W. 732. But the garnishee's answer alleged that the judgment was void for the reason that the court "never acquired jurisdiction of or over said Western New Mexico Development Company, or any of its property, or said receiver, W. R. Merrill, in the cause in which judgment was rendered, through process or appearance or answer."

[3] It is elementary that a judgment is void when no jurisdiction is acquired over the property of the defendant, and there is no legal service of process or appearance. He must have a "'day in court." Williams v. Warren, 82 Tex. 319, 18 S. W. 560. We think there was reversible error in sustaining the exception, and the assignment is sustained.

[4] Appellant's third assignment of error must be sustained. The exception of appellee, sustained by the trial court, was directed to the fourth subdivision of appellant's answer, in which he alleges that acting under the laws of New Mexico, the home of the corporation, and at the time of filing the certificate of incorporation to whose stock he subscribed, he obtained a release from stockholder's liability. It seems to be the rule that the charter of the foreign corporation, or statute under which it was organized, furnishes the guide in determining the liability of resident shareholders to its creditors. If the shareholder is liable at all, he is in general liable only according to the law of the domicile of the corporation. If the unpaid subscription for stock is not a corporate asset, it cannot constitute a fund from which creditors are entitled to be paid. 10 Cyc. of Law and Procedure, p. 670, and the authorities in note 56, on page 671.

[5] Appellant, in his fourth assignment of error, complains of the action of the court in sustaining appellee's exception to the answer

setting up the defense that, before the said garnishment proceeding was issued, the assets of the Western New Mexico Development Company had, by a decree of a court of New Mexico, under the laws of New Mexico, become vested in a receiver for the benefit of divers creditors of said company. This assignment must be overruled. A receiver has no extraterritorial jurisdiction, and his functions and powers, as receiver, are limited to the state in which he is appointed. The petition did not allege that ancillary proceedings for the appointment of a receiver had commenced in this state, so as to vest the title to property here in him.

There is no merit in appellant's sixth and seventh assignments, and they are overruled. There is no statement of facts in the record, and we cannot know what the evidence was from the findings of fact, so as to determine a question of variance between pleading and proof.

For the reasons stated, the case is reversed and remanded.