**BRITT et al. v. LUCE et al.**

No. 3268.

Court of Civil Appeals of Texas.
Beaumont.

Feb. 10, 1938.

Cope & Greene, and Carney & Carney, all of Atlanta, for appellants.

T. D. Sansing and Newland, Cornett & Whitworth, all of Linden, for appellees.

O'QUINN, Justice.

Mrs. Madgie Luce Hill, joined by her husband, Fred Hill; Mrs. Lucille Luce Richards, joined by her husband, Wilbur Richards; and Mrs. Madgie Luce Hill, as guardian of the estates of J. R. Luce, Albert Luce, and Florence Luce, minors, brought this suit against Mrs. C. E. Britt and her husband, C. E. Britt, in trespass to try title to a certain one acre of land, for possession of same, and for damages for the detention of said land from appellees, and for the termination and cancellation of a lease on said land asserted by defendants.

Defendants answered by general demurrer, general denial, and specially that they were entitled to the possession of the premises in controversy by virtue of a certain lease executed by plaintiffs Mrs. Madgie Hill and her husband, Fred Hill, to Mrs. C. E. Britt, and denying that the terms of said lease had been breached.

The case was tried to a jury upon special issues in answer to which they found (a) that rental payments due on May 15, 1936, and June 15, 1936, were not made as required by the lease contract; and (b) that defendants, lessees, had used the premises

for purposes other than permitted by the terms of the lease; and (c) that Mrs. Hill and Mrs. Britt, at the time the lease was executed, had an oral agreement that if demand was made by Mrs. Hill, Mrs. Britt would surrender the premises at any time after the expiration of the first year of the lease. On these findings, judgment was rendered in favor of plaintiffs, appellees, for title and possession of the land, and it appearing that pending the litigation appellants had given bond guaranteeing the payment to appellees of $25 per month for the detention of the premises in the event judgment was for plaintiffs for the time they occupied the premises and did not pay rent, with Howard A. Carney and Tom N. Cope as sureties on said bond, the court further rendered judgment in favor of plaintiffs, appellees, and against appellants and their bondsmen on said bond, Howard A. Carney and Tom N. Cope, in the sum of $275, for the time appellants had held and occupied the premises pending the litigation. From this judgment, Mrs. Britt and her husband, C. E. Britt, have brought this appeal.

Appellants' first assignment reads: "Where a person sues to recover title to property or to rescind a contract on real estate and they sue individually and as guardian for certain minors, and where there is adverse interests between the claims of the individual and the minors, the suit cannot be maintained and it is the duty of the court to appoint a guardian ad litem to protect the interest of the minors."

The assignment is but the statement of an abstract principle of law. It points to no distinct error. It presents nothing for consideration. However, the matter sought to be complained of grew out of these facts: The property in question was the community property of Mrs. Madgie Luce Hill and her deceased husband, H. O. Luce. On his death their children, the minors named in the petition, inherited the father's one-half. Mrs. Hill, the mother, joined by her husband, Fred Hill, sued in her individual character and as guardian of the minors, to recover the property and to cancel a certain lease on the property. The assignment apparently seeks to urge that the interests of Mrs. Hill and her minor children are adverse, and so the suit could not be maintained absent the appointment of a guardian ad litem for the minors. There is no force to the contention. The interests of the mother is not adverse to that of her minor children. She seeks to recover for their joint benefit.

The second assignment, in substance, asserts the same error as the first, but further says that the evidence shows that one person was appointed guardian of the minors, and that another and different person was suing as guardian, and so it was error for the court not to appoint a guardian ad litem for the minors. The record discloses that Joe Luce was appointed guardian, but he never qualified. The original petition of appellees named him as guardian, but their amended original petition, which superseded the original, omitted him completely as a plaintiff and named Mrs. Hill, the mother, as guardian. She was appointed and qualified after the suit was filed. Furthermore, appellants did not by verified plea attack Mrs. Hill's right to sue in the capacity alleged. In the absence of such verified denial of Mrs. Hill's right to sue as the guardian of her minor children, evidence of her appointment as such was not required. Article 2010, subd. 3. Gulf, C. & S. F. Railway v. Houston, Tex.Civ.App., 45 S.W.2d 771.

Appellants' fourth assignment complains: "Where a lease contract states that lessees are not to use the leased premises for things other than specified, and undisputed testimony shows that lessees never used premises for any other purpose, then there is no breach of the covenants therein."

This assignment is a mere statement of an abstract proposition of law. It does not point distinctly to any error committed in the trial of the case. It presents nothing for consideration. However, we will say that the premises leased by Mrs. Hill and her husband to Mrs. Britt consisted of one acre of land on which was situated a combination living place and small store, a filling station, and a garage. The lease contract provided that "the said premises shall be used for filling station, general store and living quarters, and for no other purpose." It further provided that upon failure to comply with any of the covenants of the lease the lessor could declare the lease forfeited and had the right to enter, repossess, and hold the entire leased premises as before the execution of the lease. The evidence discloses that the appellants changed the garage into living quarters in which Britt's son resided; that Britt operated a saloon upon the premises; that a loading rack was

erected on the premises and truckers used same for loading and unloading iron piping and other oil well supplies hauled by them; that oil piping and other material were dumped on the ground in the yard and then loaded therefrom. Another garage was built and used on the premises. All this was in violation of the lease covenants as to the use that was permitted to be made of the leased premises. The jury so found. The jury also found that the rent was not paid monthly in advance as stipulated in the contract. But, aside from any other matters alleged as to the failure to comply with the terms of the lease, that of its unauthorized use alone fully and directly supports the judgment awarding title and possession of the premises to appellees.

■ Appellants' sixth assignment complains that the court erred in rendering judgment against Howard A. Carney and Tom N. Cope, sureties on appellants' bond guaranteeing appellants to appellees' rent in the sum of $25 per month for the time appellants held and occupied the premises pending the suit, and for which judgment in the sum of $275 was rendered, because no service of citation was ever made on them— that they were not made parties to the suit. We think this assignment must be sustained. During the pendency of the suit, at one term of the court when the cause was about to be continued to the next term, the court ordered appellants to execute a bond payable to appellees guaranteeing the payment to them by appellants of the sum of $25 per month for the use of the premises if appellees should recover possession of the premises. This bond was executed in open court and filed among the papers of the case with Howard A. Carney and Tom N. Cope as sureties. When the court, upon the findings of the jury, rendered judgment for appellees for the possession of the premises and canceled the lease, he also summarily rendered judgment against appellants and their said bondsmen for $275, that being $25 per month for the time the premises were held by appellants after the filing of the bond to judgment. This bond was not a statutory bond, not being required by statute for any purpose necessary to the prosecution or defense of the suit. It, therefore, was a common-law bond. The bondsmen were not made parties to the suit. There was no pleading asking that they be made parties, nor was there any prayer for recovery against them. There was no stipulation in the bond that judgment could be rendered against the bondsmen summarily—they did not agree that summary judgment might be rendered against them. Their obligation was to see that appellants paid appellees for the use of the premises at the rate of $25 per month, if they, appellants, were cast in the suit. To warrant a summary judgment against bondsmen, the bond must be valid as a statutory bond, and hence must substantially comply with the terms of the enactment pursuant to which it was given. It is well settled that summary judgment may not be rendered against the obligors on a common-law bond. Their liability can be enforced only by action thereon brought in the regular way. 7 Tex.Jur. Bonds, § 31, page 95; Williams v. Warren, 82 Tex. 319, 18 S.W. 560.

From what we have said, it follows that the judgment awarding to appellees title and possession to the premises in controversy and canceling the rental lease held by appellants should be affirmed; and that portion of the judgment awarding judgment against appellants and Howard A. Carney and Tom B. Cope, sureties on appellants' bond guaranteeing the payment of rents to date of judgment, should be reversed and remanded for another trial as to their liability on said bond, and it is so ordered. Affirmed in part and reversed and remanded in part.