## LAM et al. v. LOCKHART.
### No. 4070.

Court of Civil Appeals of Texas. El Paso.
April 17, 1941.

Rehearing Denied May 15, 1941.

A. T. Folsom, of Wink, for appellants.

Ratliff & Worrell, of Colorado City, for appellee.

WALTHALL, Justice.

This is an appeal from the District Court of Winkler County. The trial was before the court. The case is here without findings of fact and conclusions of law filed by the trial court or a statement of facts. The sole question for review is whether under the pleadings the court could render the judgment entered. Plaintiff's cause of action was founded on a lease for a term beginning January 1, 1938, and ending December 31, 1938. Plaintiff averred that the rent reserved was $1,500, payable in installments of $125 a month each; that the lessee paid the January rental and then assigned the lease to his co-defendant, Nottingham. The rental was paid thereafter up to and including the month of May; that the rents were not paid for the months of June, July and August. About the latter date defendants entirely abandoned the premises. Plaintiff sought recovery for $875, the unpaid balance of rents accruing under the lease.

Defendants answered separately, but in all substantial particulars the same. Each pleaded a general denial, each that on or about August, 1938, plaintiff unlawfully entered upon and took possession of the premises and deprived them of the use thereof.

The judgment rendered was that plaintiff recover the sum of $375.

Appellants contend that the judgment entered shows that same was entered upon a quantum meruit, and that no quantum meruit was pleaded save for use and occupancy of the building after the term provided for in the lease had expired. We think this contention is not sustained by the record. The judgment recites that it is based on the rental accruing for the months of June, July and August. It is in the sum of $375, representing the exact installments of rent provided for in the lease.

In our opinion the pleadings, when construed as a whole, present the issue of a voluntary abandonment of the premises by the defendants, the acquiescence in such abandonment by plaintiff by resuming possession of same. In such a case we think the lease would control up to the time of its mutual abandonment by the parties.

Appellants present three propositions under their first assignment of error, as follows:

"1. Plaintiff having sued on contract for the balance due thereunder, and there being no plea of non est factum, cannot recover on a quantum meruit basis under the contract for certain specified months, at the rental specified in said contract; and especially where the petition shows that on a quantum meruit basis the actual rental value of the property was only $20.00 per

month, wherefore if plaintiff's petition is sufficient as on quantum meruit, the recovery under the same would be limited to the sum of $60.00.

"2. As the judgment provides that all other relief prayed for by either party is denied, plaintiff is denied recovery on the contract sued on as per its terms; and unless the judgment be construed as a judgment on quantum meruit for the three months therein specified, there is no basis for the judgment rendered against defendants under the allegations in plaintiff's petition; as plaintiff's suit is for a certain amount on express contract to-wit, $875.00 balance thereon; and plaintiff's allegations on quantum meruit show an actual rental value of the property leased to be $20.00 per month.

"3. There is no basis in plaintiff's petition for any recovery whatsoever against defendant Lam on quantum meruit, nor any prayer for such recovery."

We have considered each proposition and have concluded that they show no reversible error, should be overruled, and it is so ordered.

The case is affirmed.