Claude F. FULTON, Appellant,

v.

Harold ABRAMSON, Trustee, Appellee.

No. 16191.

Court of Civil Appeals of Texas.

Dallas.

June 21, 1963.

Ivan Irwin and Fowler Roberts, Dallas, for appellant.

Palmer & Palmer, Philip I. Palmer, Jr., Dallas, for appellee.

WILLIAMS, Justice.

Harold Abramson, Trustee in Bankruptcy of Fulton & Fulton Associates, Inc., brought this action against Claude F. Fulton, Jane Ezell, Lester Reaves, Raymond Chadwick and William H. Pardee for unpaid stock subscriptions. Following trial before the court, without a jury, judgment was rendered in favor of plaintiff against defendant Claude F. Fulton for the sum of $10,000. Judgment was rendered in favor of all the other defendants.

Claude F. Fulton appeals, seeking reversal of the trial court's judgment in three points of error, as follows: (1) the court erred in holding that the proper value to be assigned to the no-par stock here involved was one dollar per share; (2) the court erred in holding that the alleged stock subscription is enforceable and at the same time holding that the agreement to pay therefor was in non existent property; and (3) the court erred in holding that no property was transferred to the corporation in payment for the stock involved since the evidence was wholly insufficient to sustain such holding. We overrule these points and affirm the judgment of the trial court.

A brief statement of the essential portions of the pleadings and evidence is required for a proper understanding of the issues here presented. Appellee alleged the incorporation of Fulton & Fulton Associates, Inc. as a Texas Corporation with an authorized capitalization of 100,000 shares of stock of no-par value. He alleged that the corporation accepted a proposal of appellant Claude F. Fulton and wife Mary Beth Fulton to transfer all of their interest in a partnership known as Fulton & Fulton to the corporation in consideration of its issuance of 10,000 shares of stock to each of them and the assumption by the corporation of all the partnership liabilities. He then alleged that such stock was duly transferred by the corporation, by unanimous vote of all the directors, but that in truth and in fact there was no partnership known as Fulton & Fulton, and that no assets were transferred in payment of the 20,000 shares of stock issued to appellant and his wife. It is alleged that the purported transfer was a fraudulent device to "conceal the truth from prospective creditors so as to induce the extension of credit" to the corporation. Appellee sought to have the court fix a value of one dollar per share on the stock. He brought the action not only in his capacity as transferee of the causes of action of said bankrupt corporation, but also in his legal

capacity as representative, agent and trustee for the creditors of the bankrupt.

As to the evidence introduced it was shown that Fulton & Fulton Associates, Inc. was incorporated on June 27, 1960, with an authorized issue of one hundred shares of no-par value stock; that Claude F. Fulton attended the first meeting of share holders and was elected a director of the corporation; that he attended the first meeting of the Board of Directors, and was elected president, treasurer and chairman of the Board. At the first meeting of the Board of Directors a resolution was passed authorizing the issuance of 10,-000 shares of no-par value stock to Claude F. Fulton for his interest in Fulton & Fulton, a partnership, the minutes of this meeting being signed and approved by Claude F. Fulton, as president. 10,000 shares of stock were issued to Claude F. Fulton, but said shares of stock were never transferred on the corporate books. The certificates of said stock were signed by Claude F. Fulton as President of the Corporation. Evidence revealed that Claude F. Fulton incurred debts and executed a contract on behalf of the corporation. There was further evidence that there was in reality no partnership known as Fulton & Fulton, and that Claude F. Fulton was not a member of any such partnership. The evidence further revealed that no money, property or services were transferred to the corporation by or for the 10,000 shares of stock issued to Claude F. Fulton. Concerning the value of the stock the evidence revealed that of the initial issuance of 26,000 shares, 1,000 were sold at a price of one dollar per share to Jane Ezell and that on August 8, 1960 the Board of Directors ordered the issuance of the 26,000 shares of capital stock, and set the price of one dollar per share on all further sales. Appellant testified at the first meeting of creditors that the value and price of the stock was one dollar per share. Appellant, as president of the corporation, issued stock certificates at one dollar per share. The testimony revealed that Harold Abramson is the trustee in bankruptcy of Fulton & Fulton Associates, Inc., bankrupt. His capacity, as such trustee in bankruptcy was not denied by appellant.

At the outset, appellee objects to our consideration of appellant's argument contained in his brief to the effect that the trustee in bankruptcy has no standing to bring this suit. We sustain this objection. Appellant assigned no points of error in his brief as a basis for such argument or contention and therefore the same has been waived. Rule 418, Texas Rules of Civil Procedure; Wagley v. Fambrough, 163 S.W.2d 1072, Tex.Civ.App., aff. 140 Tex. 577, 169 S.W.2d 478; Root v. Texas Bitulithic Co., Tex.Civ.App., 316 S.W.2d 293, wr. ref. Even so, there is no question but that under Texas law receivers, and assignees for the benefit of creditors and trustees in bankruptcy are proper parties to bring such an action for creditors. Showalter v. Laredo Imp. Co., 83 Tex. 162, 18 S.W. 491; Jamison Cold Storage Door Co. v. Brown, Tex.Civ.App., 218 S.W.2d 883; Herf & Frerichs Chemical Co. v. Brewster, 54 Tex.Civ.App. 217, 117 S.W. 880; Stevens v. Davenport, Tex.Civ.App., 19 S.W.2d 445; Witt v. Nelson, Tex.Civ.App., 169 S.W. 381. A receiver of an insolvent corporation has been repeatedly held to have authority to pursue unpaid stock subscriptions for the benefit of the creditors. Harris v. Ferguson, 137 Tex. 592, 156 S.W.2d 135; Thompson v. First State Bank of Amarillo, 109 Tex. 419, 211 S.W. 977; McCarty v. Langdeau, Tex.Civ.App., 337 S.W.2d 407.

Appellant's first point, contending that the trial court erred in holding that the proper value to be assigned to the stock was one dollar per share, is not followed by authorities or argument, as required by rules. Such point may therefore be said to have been waived. Young v. Texas & Pac. Ry. Co., Tex.Civ.App., 347 S.W.2d 345. However, as reflected by the foregoing summarization of the tes-

timony, there was ample evidence introduced to support the trial court's finding of value of the stock in question. Appellant, by his acts and conduct as an officer of the corporation is shown to have acquiesced in the establishment of such value.

■ Appellant's principal assault upon the trial court's judgment is found in his second point wherein he argues that if, as the court found, no partnership existed, and there was no transfer of property in payment of the shares of stock, and no payment was made in consideration for the issuance of the stock to appellant, then, under the express provision of the Constitution of Texas, Art. 12, § 6, Vernon's Ann.St. and Art. 2.15, subd. B of the Texas Business Corporation Act, V.A.T.S., the issuance of the stock was void and neither the appellant nor the corporation, or the trustee in bankruptcy could legally enforce liability thereon.

Art. 12, § 6 of the Texas Constitution provides that no corporation shall issue stock or bonds except for money paid, labor done, or property actually received, and all fictitious increase of stock or indebtedness sh'all be void.

■ Appellant's ultra vires plea is not available in an action of this kind. This suit is one for the benefit of creditors of an insolvent corporation in which the unpaid stock subscriptions are regarded in law as a trust fund or creditors. The rights of other parties being involved, the breaching defendant, who acted as shareholder, is said to be estopped to assert such matters as fraud in inducement by the corporation, lack of a valid subscription contract, an agreement not to require payment, and similar defenses. The situation is classically illustrated by the opinion of the Supreme Court in Thompson v. First State Bank of Amarillo, 109 Tex. 419, 211 S.W. 977, where the court speaking through Chief Justice Phillips, said:

"Upon what principle is Thompson here entitled to be exempted from his obligation to pay for his stock? His counsel asserts that he is absolved from it because he, with the bank, violated the Constitution in the transaction wherein by means of the note, he agreed to perform it. The proposition is, that though his obligation is unperformed, his violation of the Constitution gives him immunity from its performance. The Constitution, in our opinion, can not be so used to defeat the honest claims of creditors. It makes a travesty of the Constitution to permit it in such a case to be turned into a shield for the protection of the delinquent stockholder."

Accord: Mitchell v. Porter, 223 S.W. 197, Tex.Com.App.; Langdeau v. Dick, Tex.Civ.App., 356 S.W.2d 945; Forman v. Irby, 115 S.W.2d 1229, Tex.Civ.App., wr. ref.; Davis v. Burns, 173 S.W. 476, Tex. Civ.App., wr. ref.; 14 Tex.Jur.2d (Corporations) 242–243; 18 C.J.S. Corporations § 245, pp. 689–690.

■ It is well settled that unpaid stock subscriptions are a trust fund for the benefit of creditors which the corporation can not impair nor may it be defeated by fraud in the inducement. Bartelt v. Lehmann, 207 S.W.2d 131, Tex.Civ.App., wr. ref.; Forman v. Irby, 115 S.W.2d 1229, Tex.Civ. App., wr. ref.; Stevens v. Davenport, Tex. Civ.App., 19 S.W.2d 445; Thomason v. Miller, Tex.Civ.App., 4 S.W.2d 668; Mitchell v. Bowles, Tex.Civ.App., 248 S.W. 459; Mitchell v. Hancock, Tex.Civ.App., 196 S.W. 694; McWhirter v. First State Bank of Amarillo, 182 S.W. 682, Tex.Civ. App., wr. ref.; Davis v. Burns, 173 S.W. 476, Tex.Civ.App., wr. ref.; Mason v. First National Bank of Paint Rock, Tex.Civ. App., 156 S.W. 366; 14 Tex.Jur.2d (Corporations) 252; 18 C.J.S. Corporations § 245, p. 692.

Appellant's second point is overruled.

■ Appellant's third point, complaining of the insufficiency of the evidence to sustain the finding of the trial court that

no property was transferred to the corporation in payment for the stock involved is likewise without merit and overruled. Appellee introduced evidence of lack of payment of any kind as well as the falsity of the purported transfer of partnership assets. Appellant offered no testimony, confining his case to cross-examination of appellee's witnesses. Appellant himself, in answer to request for admissions of fact, denied that there was a partnership known as Fulton & Fulton, or Fulton & Fulton Associates. There was ample testimony to establish the absence of the alleged partnership as well as the complete absence of the payment of any kind for the stock certificates issued to appellant.

The judgment of the trial court is affirmed.