**George A. JACKSON, Appellant,**

**v.**

**Bobbie C. JACKSON, Appellee.**

**No. 16831.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 2, 1966.

Rehearing Denied Jan. 6, 1967.

Robert C. Cox, of Erhard, Cox & Ruebel, Dallas, for appellant*.

Henry Klepak and Roy J. True, Dallas, for appellee.

BATEMAN, Justice.

Appellee Bobbie C. Jackson sued the appellant George A. Jackson for a divorce, division of community property and judgment for the total of certain loans of cash and personal property which she alleged she advanced to him. The parties agreed that the evidence pertaining to the divorce action be heard by the court without the aid of the jury, and that "certain community rights would be adjudged by the court, separate and apart from the jury." The remainder of the case was submitted to the jury, which found in answer to the first two special issues that (1) appellee made loans to appellant during the marriage, and (2) the sum of money so loaned was $9,439.57. The remaining five jury findings are not involved on this appeal.

---

* The attorneys appearing for appellant in this Court did not participate in the trial of the case.

The court rendered judgment which awarded appellee a divorce, fixed "a community lien" in favor of appellee for $1,690 against certain separate real property of appellant, awarded to the parties the personal property in their possession, and awarded appellee judgment against appellant for $9,439.57 and her attorney's fee of $750.

■ Appellant's first point of error on appeal asserts that appellee failed to establish grounds for the divorce by full and satisfactory evidence, as required by Vernon's Ann.Civ.St., Art. 4632. However, the statement of facts contains only the proceedings of that part of the trial held in the presence of the jury, and not any of the evidence adduced at the nonjury hearing, and no findings of fact or conclusions of law were filed. The judgment recites that evidence was heard, but since the record is silent as to what that evidence was the only question open to consideration now is whether the pleadings support the judgment. Broadway Plan v. Ravenstein, Tex.Civ.App., 364 S.W.2d 741, 744, wr. ref. n. r. e.; Lam v. Lockhart, Tex.Civ.App., 151 S.W.2d 620, wr. dism. judgment cor.; 3 Tex.Jur.2d Appeal and Error—Civil Cases, § 449, p. 698. The pleadings do support the judgment and appellant's first point is accordingly overruled.

■ By his second point of error appellant says the court erred in sustaining appellee's motion *in limine* to exclude evidence concerning her conduct and activities prior to the marriage. This point is without merit and is overruled. There being no claim that appellant was tricked into marrying appellee by fraudulent concealment of her prior conduct or activities, such evidence would not be material unless it was of such nature as to reflect on her veracity and therefore admissible for impeachment; and as to this possibility appellant makes no showing as to what the evidence would have been had it not been excluded. That being true, no reversible error is shown. 3 Tex.Jur.2d, Appeal and Error—Civil Cases, § 416, p. 670; J. Weingarten, Inc.

v. Brockman, 134 Tex. 451, 135 S.W.2d 698.

■ By his third point of error the appellant complains that the jury finding that the total of the loans made by appellee to appellant was $9,439.57 was "against the greater weight of credible evidence and had no basis as an answer for the amount of the loan by plaintiff to defendant." We see no merit in this point, whether it be considered a "no evidence" point or an "insufficient evidence" point. We have read the entire statement of facts and find therefrom that appellee testified that the next month after her marriage to appellant, at his request, she lent him $3,000 and that in April, 1963 she lent him $850.26, both of which loans he promised to repay as soon as he sold certain land he owned in Denton County. She also said that appellant persuaded her to let him sell her 1959 Oldsmobile, that he received the $1,500 for which it was sold and that she did not get any part of it, and that he told her that when he sold his Grapevine property he would buy her a new automobile. She also testified that in May, 1963 she paid $4,089.31 to one Cox, who held a promissory note for $4,100 signed by appellant and another. Judgment had been rendered thereon and execution levied on property of appellant, and the money was paid to prevent the forced sale thereof. She also said that appellant sold his Denton County land in September, 1964 for $106,875.

It is true that appellant testified that she did not ever loan $3,000 to him at one time, and that he kept the $850 she had "given" him and the $1,500 she received for her old car and with these funds bought her a new automobile. He also testified that he had signed the $4,100 note held by Cox to accommodate his co-signer, but did not deny that the $4,089.31 paid by appellee actually satisfied a judgment against him and prevented an execution sale of his property. Viewing all of the evidence of both parties as a whole, we conclude that there is evidence to support the jury finding and that such finding is not against the weight or

preponderance of the evidence. The third point of error is overruled.

By his fourth point of error, appellant charges error in the failure of the trial court to sustain his exception to allegations of oral loans and advancements by plaintiff to defendant. Appellant's only special exception to any of appellee's pleadings is that the court in a divorce suit lacked jurisdiction to decide a civil suit for debt. This point cannot be considered by us for three reasons: (1) It is not germane to any assignment of error in the amended motion for new trial. Rules 374 and 418 (b), Vernon's Texas Rules of Civil Procedure; Reid v. Nortex Construction Co., Tex.Civ.App., 366 S.W.2d 870, wr. ref. n. r. e.; Coggin v. Coggin, Tex.Civ.App., 204 S.W.2d 47, 55. (2) It is not briefed and must be considered as waived. Rule 418(c), T.R.C.P.; Young v. Texas and Pacific Ry. Co., Tex.Civ.App., 347 S.W.2d 345, no wr. hist.; Fulton v. Abramson, Tex.Civ. App., 369 S.W.2d 815, no wr. hist. (3) It does not appear to have been presented to or passed upon by the trial court. Ellis Drilling Corporation v. McGuire, Tex.Civ.App., 321 S.W.2d 911, wr. ref. n. r. e.; 3 Tex. Jur.2d, Appeal and Error—Civil Cases, § 406, p. 662.

Appellant's fifth point of error complains of the trial court's failure to submit appropriate definitions of "separate property" and "community property" to guide the jury in answering Special Issue No. 2. Neither of these phrases was used in Special Issue No. 2, or elsewhere in the charge; hence, there was no occasion for the court to give the jury definitions thereof. Moreover, appellant did not object to the charge because of the absence of such definitions, or request the court to include them in the charge, or otherwise call the matter to the attention of the trial court prior to verdict. See Rules 273, 274 and 279, T.R.C.P. Also, it is obvious that no harm could have resulted. Rule 434, T.R. C.P. Therefore, no reversible error is shown, and the fifth point is overruled.

Affirmed.