JOHN O. ROWLETT v. JAMES N. LANE.
DANIEL O. ROWLETT v. SAME.

1. CONDITIONAL PROMISE.—An obligation to pay a certain sum "at the earliest possible moment" is conditional, and it devolved on plaintiff suing on the obligation to prove the ability of the maker to pay the debt.

2. GARNISHEE'S LIABILITY is dependent upon the judgment rendered against the defendant. The reversal of such judgment annuls a judgment against a garnishee in the same proceedings.

APPEAL from Fannin. Tried below before the Hon. John C. Easton.

Lane brought suit against John O. Rowlett on an obligation set out in the opinion. A writ of garnishment was sued out and served on Daniel O. Rowlett.

Judgment was rendered upon a verdict against the defendant, and by default against the garnishee, from which both defendant and garnishee appealed.

*Richard B. Semple,* for appellants.

No counsel for appellee.

DEVINE, ASSOCIATE JUSTICE.—The appellee brought suit on the following obligation:

"$300.                              INDIANOLA, *June 1st,* 1868.

"For all dues up to this date I am indebted to James N. Lane three hundred (300) dollars in currency, which I promise to pay at the earliest possible moment.

                                        "JOHN O. ROWLETT."

The petition alleged, in consideration of plaintiff's agreeing to delay bringing suit on the alleged indebtedness, defendant, subsequent to the execution of the instrument, agreed and promised plaintiff to pay him the debt in Fannin county.

On the trial there was a conflict of evidence as to payments made by defendant. The jury found for plaintiff the amount set forth in the paper sued on and interest to date of verdict.

The assignments of error are the grounds set forth in the motion for a new trial, "that the verdict of the jury is contrary to the law, and that the verdict of the jury is contrary to the evidence."

The plaintiff relied on the agreement of defendant promising "to pay at the earliest possible moment." This might embrace the agreement to pay instantly. That it was not understood in that sense either by plaintiff or defendant can be readily inferred from plaintiff's statement in his original petition that defendant was to have time to go from Indianola to Fannin county before suit could be brought, and it is shown by the averments in plaintiff's amended petition that in 1869 defendant, in the town of Bonham, promised to pay said due bill or note, and "did at the time and place aforesaid acknowledge to the said Lane it was possible for him to pay the said due bill or note."

The plaintiff, however, failed to prove either the promise to pay or that defendant was able, or, in the language of his allegation, that it "was possible for him to pay." Without this proof plaintiff could not recover, and the verdict rendered in his favor was contrary to the law and the evidence. The case of Salinas *v.* Wright, 11 Tex., 576, is decisive of the question and controls this case. The promise to pay was conditional, and it was incumbent on plaintiff to prove the ability of defendant to pay the debt. The judgment is therefore reversed and the cause is remanded. The judgment rendered against D. O. Rowlett, garnishee, for the amount of the judgment for his failure to answer, and from which he has appealed, being dependent on the judgment rendered against the appellant, John O. Rowlett, falls with it and is reversed.

REVERSED AND REMANDED.