AUGUST HORST V. THE CITY OF LONDON FIRE INSURANCE COMPANY.
No. 2502.

1.  **Insurance—Limitation.**—A fire insurance policy stipulated that no suit should be brought on the policy unless begun within twelve months after the fire and loss. A suit was begun more than twelve months after the fire and loss.   During the year the liability of the company was repeatedly recognized by its authorized agent, who required no further adjustments of loss and who at last refused payment only on the ground that a suit in a proceeding by garnishment was pending and that payment would be made on its termination.   In a suit on the policy, *held*, that the facts stated constituted a waiver of the stipulation requiring suit to be instituted within twelve months from the time of the loss.

2.  **Case Distinguished.**—This case distinguished from Ripley v. The Ætna Insurance Company, 30 New York, 164.

3.  **Insurance.**—In a suit by the assignee of a policy of insurance against the insurance company and on the policy, the company having been garnished in a suit against the insured by his creditor, the company can not defend by showing that the assignment was made to defraud creditors, unless a final judgment had been rendered in favor of the creditor.

APPEAL from Grimes.   Tried below before Hon. Norman G. Kittrell. The opinion states the case.

*Goldthwaite & Ewing,* for appellant.—The court erred in overruling the plaintiff's motion for a new trial on the eighth ground therein set forth, because the verdict of the jury is against the law and the evidence in that the evidence conclusively shows that plaintiff acted in good faith and without any notice or knowledge of any fraudulent intent on the part of Melton in purchasing the policy, and that defendant waived the requirement to bring suit within a year after loss.

Fraudulent participation, like fraud itself, is never presumed but must be clearly proved; and evidence consistent with fair dealing which merely raises a suspicion or conjecture of fraud is as a matter of law insufficient.    Turner v. Lambeth, 2 Texas, 369; Tompkins v. Bennett, 3 Texas, 47; Paxton v. Boyce, 1 Texas, 317.

It is only necessary that appellee should have held out reasonable hopes of an amicable settlement and thereby induced appellant to delay suit beyond the year in order to preclude it from gaining shelter from liability on the policy under the limitation clause.    St. Paul F. & M. Ins. Co. v. McGregor, 63 Texas, 404; Grant v. Lexington, etc., Co., 5 Ind., 23;

Peoria M. & F. Ins. Co. v. Whitehill, 25 Ill., 466; Westchester F. Ins. Co. v. Dodge, 44 Mich., 420.

A sale to defraud creditors is perfectly valid between the parties and as to all other persons except the defrauded creditors alone, and no one else has ground for complaint. Rev. Stats., art. 2465; Bump. on Fraud. Con., pp. 443–6 and authorities cited, and p. 458 and authorities cited.

Even if the first proposition be not in its fullness applicable to the present case, still the judgments in garnishment against appellee, being *res inter alias acta* as to appellant, prove merely the fact of their rendition; and in the absence of extraneous evidence showing the fact that Melton was indebted to the persons recovering the judgments when the transfer was made, and the amounts of the indebtedness, the appellee could not, even if admitted to subrogation to the rights of the judgment holders, invoke the issue of fraud as to the transfer of the policy; and especially so in the absence of the payment of the judgments. At most appellee could only take advantage of the issue of fraud to the extent that the holders of the jugdments were in a position to do so. McCamant v. Roberts, 66 Texas, 263; Iglehart v. Moore, 21 Texas, 504; Arthur v. Batte, 42 Texas, 159; Holland v. Smith, 11 Mo. App., 6; Cooper v. McClure, ·16 Ill., 435; Sheld. Sub., secs. 1 and 127.

The court erred in the fifteenth paragraph of its charge in instructing the jury in effect that if the plaintiff failed to sue within the year, by reason of his view of the law, to find for defendant, because such instruction is not responsive to the evidence and was misleading, to the probable injury of plaintiff. Earl v. Thomas, 14 Texas, 583; Lee v. Hamilton, 12 Texas, 413; Ponton v. Ballard, 24 Texas, 619; Thompson v. Shannon, 9 Texas, 536; Thomp. "Charging the Jury," sec. 66, pp. 91, 95.

The court erred in the sixteenth paragraph of its charge, wherein it instructs the jury that "mere verbal or written statements of defendant's agent that the policy would not be paid on account of garnishment suits pending were not alone and of themselves sufficient to constitute a waiver of the requirement to sue within a year." The instruction is bad in law, inapplicable to the facts in the case, and ·manifestly on the weight of evidence, to the probable injury of appellant. It singled out and detracted from some of appellant's most important evidence on a material issue. Rev. Stats., art. 1317; Kimbro v. Hamilton, 28 Texas, 566; Thomp. "Charging the Jury," sec. 39, p. 63.

*Hutcheson, Carrington & Sears,* for appellee.—The court submitted to the jury the questions of good faith in acquiring the policy and the excuse for failure to institute suit thereon in one year, and the verdict is sustained on both points.

Such a purchase was speculative, imprudent, and fraudulent if not

entirely fictitious.  Edmundson v. Silliman, 50 Texas, 112; Humphries v. Freeman, 22 Texas, 50; Block, Oppenheimer & Co. v. Sweeny & Coombs, 63 Texas, 427.

Expressions if made direct to Horst concerning his claim, and not to Melton, who was not his agent, long after he had sold, and without any recognition of or reference to Horst's claim, can not excuse the failure to sue.  Insurance Co. v. Lacroix, 45 Texas, 164; May on Ins., secs. 484–488; Wood on Ins., sec. 442; Ripley v. Ætna Ins. Co., 30 N. Y., 132.

The verdict should not be disturbed.  Lewy v. Fischel, 65 Texas, 320; Thorns' Heirs v. Frazer's Heirs, 60 Texas, 259; Ragland v. Wisrock, 61 Texas, 391; Baker v. Wasson, 59 Texas, 149.

Whatever might be the rule in ordinary cases, certainly as against a party compelled to sue in twelve months, unless you excuse him from suit with full notice of your peril and an invitation to come in and assert his claim, which he refuses, it is wholly inequitable not to hold him precluded and his delay taken as "conclusive evidence against the validity of his claim," in the language of his contract.

The whole charge taken together was wholly favorable to appellant, and were it true that separate paragraphs were abstractions or improper there is no ground for reversal.  Mercer v. Hall, 2 Texas, 285; Able v. Lee, 6 Texas, 427; Vaughn v. The State, 21 Texas, 752; Bagly v. Birmingham, 23 Texas, 453.

Though the charge was erroneous, yet it must be evident to the court that the justice of this case has been reached; that the failure to sue within twelve months must be fatal to appellant, and this court will not reverse.  Gaston v. Dashiel, 55 Texas, 508; Loper v. Robinson, 54 Texas, 516; Sypert v. McCowen, 28 Texas, 639; Fisk v. Holden, 17 Texas, 414; James v. Thompson, 14 Texas, 463.  And this though the charge of the court was erroneous and on the weight of the evidence.  McClane v. Rogers, 42 Texas, 220.

HOBBY, JUDGE.—The policy of insurance constituting appellant's cause of action, which had been executed by the appellee to U. P. Melton and assigned by him to appellant, was attacked in this suit, and payment resisted on two grounds, which were under instructions of the court submitted to the jury.  The first was that the policy provided that a suit or action should not be brought by reason of the policy unless such suit was commenced within twelve months next after the fire and loss, and that as the loss occurred April 3, 1883, and this suit was not instituted until December 17, 1886, the plaintiff could not recover.

Appellant had alleged in the petition that the appellee had waived this limitation clause by admitting the validity of the policy, and that the loss thereunder was total and proofs satisfactory, and that the only ground upon which appellee declined to pay said policy when demanded within

sixty days after said proofs of loss were made, was that certain garnish-
ment proceedings were then pending against appellee by reason of this
policy, brought by parties claiming to be creditors of said Melton, and
that when said garnishment was terminated by judgment said policy
would be paid.

Another ground upon which the policy was attacked by the appellee
was that it had been fraudulently transferred by Melton to appellant,
with the intention to hinder and delay the former's creditors.

The cause was tried upon the above issues and a verdict was rendered
for appellee, upon which judgment was entered, and the appellant ap-
peals.

It is admitted that the policy sued on was issued to Melton and trans-
ferred after the fire to appellant. That the loss occurred on April 3,
1883, was total, and the property destroyed was sufficient in value to
cover amount of the policy. That notice and proper proofs of loss were
furnished within the required time. That appellee was notified that ap-
pellant became assignee of the policy on 4th April, 1883. That after-
wards, about the 5th and 9th April, 1883, creditors of Melton commenced
garnishment proceedings against appellee on the ground of fraud. That
appellee did not deny liability to some one on account of said loss.

The facts and circumstances relied on by appellant in support of the
waiver of the limitation clause by appellee are about the following:

On the 4th April, 1883, when Melton approached him to sell the pol-
icy he saw appellee's local agent, Tolifero, who said as the loss was total
the policy would be paid probably in sixty days, and saw no impropriety
in his purchasing it. Also the statements of Cotton to Melton, which
were made known to appellant, to the effect that he supposed the proofs
were correct, but that a suit in garnishment had been brought against
the company and the policy would not be paid until this suit was dis-
posed of. There were also statements contained in the correspondence
had between appellee's general agents, Beers & Kennison, and Melton,
during the summer of 1883, the most important part of which was the
statement contained in their letter in September, 1883, in which they ac-
knowledge receipt of proofs of loss and express the belief that they are
satisfactory, and say to Melton, "Your claim will be paid as soon as the
garnishment suits now pending shall have been disposed of by judgment
of the court."

Independently of and without reference to the legal effect of the gar-
nishment proceedings themselves upon the limitation clause pleaded as
a defense by appellee, and as to which it is not necessary to give an opin-
ion, we think that the repeated recognition by appellee of its liability upon
the policy, that no adjustment or proofs of loss were further required,
together with the refusal to pay upon the *distinct* and *only* ground that
a certain suit had not terminated in a judgment, and the promise to pay

upon the happening of that contingency, were in themselves sufficient to constitute a waiver of the condition precedent contained in the insurance contract requiring suit to be brought upon the policy within twelve months next after the loss.

We are of opinion that there is a marked distinction between the facts in this case and those in the case of Ripley v. The Ætna Insurance Company, 30 New York, 164. The circumstance it appears invoked in that case to sustain a waiver of this condition in the policy by the company was a letter to the effect "that the defendant company would not *enter on any negotiation touching the claim* until the garnishee suits (mentioned in the letter) were removed." In the present case there was no "negotiation touching the claim" necessary between appellant and appellee save its payment, and this is promised in express terms in the letter of appellee's agents of September, 1883, "when the garnishment suits now pending are disposed of by judgment." There was no promise by appellee that "negotiations touching the claim" would be entered into after these suits were disposed of. These matters had been settled, the total loss and liability for full amount under the policy agreed upon, and proofs were satisfactory.

Expressing no opinion as to the garnishment proceeding brought by the alleged creditors of Melton on the policy in connection with this issue, or whether it was a suit within the meaning of the limitation clause, we think the facts referred to of the recognition of the validity of the policy and of appellee's liability thereunder, together with the promise by appellee to pay the same when the garnishment suit was disposed of by judgment, constituted a waiver upon the part of the appellee to rely upon the provision contained in the insurance contract requiring a suit or action to be brought by the holder thereof within twelve months next after the loss. It follows necessarily from this that the charge to the effect that "mere verbal or written statements of defendant's agent that the policy would not be paid on account of garnishment suits pending were not alone and of themselves sufficient to constitute a waiver of the requirement to sue within a year" was erroneous.

It is also assigned as error that "the court erred in its general charge in instructing the jury in effect to find for defendant if Melton transferred the policy in question to plaintiff for the purpose of hindering, delaying, or defrauding his creditors, and plaintiff knew or ought by ordinary prudence and diligence to have known of such purpose, because the evidence raises no such issue as between the plaintiff and the defendant."

The language of appellee's plea raising the issue of fraud in the assignment of the policy to appellant by Melton is substantially as follows: "That certain garnisheeing creditors were the better entitled to recover by virtue of said policy, because plaintiff acquired the same with full knowledge that said Melton was largely indebted to said creditors and

other persons, and that he wished to avoid payment, and therefore transferred said policy to plaintiff without any consideration and with intent then and there to defraud his creditors."

The testimony showed that Horst had known Melton for seven or eight years; that he was supposed to be doing a flourishing business, his stock of merchandise being estimated at $15,000 or $20,000. His business house was about two blocks distant from the bank in which Horst was a clerk or employe. He supposed that Melton owed some persons, as merchants generally did, but did not know who his creditors were or the extent of his indebtedness. Did not ask Melton anything as to his debts when he offered to transfer his policies; did not care to. He also stated that Melton's check was not good at Baxter's bank, where Horst was employed; that he did not transact business with that bank. He had no idea that Melton was attempting to delay or defraud his creditors. Melton stated that he had been doing a good business before the fire. Had about $15,000 or $20,000 worth of goods. His policies constituted his means of paying his debts. He owed about $7000 at the time he assigned the policies to appellant. Melton's purpose in transferring the policies was to obtain money to support his family and to compromise with his creditors. He told appellant nothing about his intention. He expected to compromise with his creditors at fifty cents on the dollar, but they refused. Has paid none of them yet.

Appellant gave a check for the policies for the sum of $7350, payable to order of Melton, on Baxter's bank at Navasota, dated April 4, 1883. He was served with writs in the garnishment suits against him on the 7th April, 1883. The check was paid about the 13th April, 1883. Knew that parties claiming to be creditors of Melton had brought garnishment suits against appellee. Did not think it was necessary for him to go into these suits; had defeated the suits against him.

The check given Melton was endorsed to one Gerald, who was identified at the bank by Melton, and to whom the money was paid.

We do not think the appellee, as the facts are shown by the record, had put itself in a position to attack the policy on the ground of fraud or to raise that issue. The appellee would have the right to raise this issue if it were shown that a final judgment was rendered in the original suit against Melton out of which the garnishment proceedings sprung, and appellee could only defend in this suit to the extent of the indebtedness ascertained by the judgment against Melton in the original suit. And this is so because no valid judgment can be taken against the garnishee until a judgment has been also rendered against the original defendant. The judgment against the garnishee is necessarily dependent upon the judgment rendered against the defendant. Rev. Stats, arts. 204–6; Rowlett v. Lane, 43 Texas, 274; Edrington v. Allsbrooks, 21 Texas, 186.

The record in this case shows simply a judgment against appellee as garnishee. But there is nothing which shows that a judgment was obtained against Melton, or to what extent, if any, he was indebted, or that he was so indebted when the policy was transferred to appellant Horst. Such being the case appellee was not in a position to attack the assignment of the policy to appellant for fraud.

For the errors indicated we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted February 19, 1889.