**NEW AMSTERDAM CASUALTY CO. v. KEITH et al. (No. 670–4186.)**

(Commission of Appeals of Texas, Section A. June 27, 1925.)

**1. Garnishment ⬳1 — Strictly construed against party resorting thereto.**

Garnishment is a harsh remedy and entirely statutory, and will be strictly construed against party resorting thereto.

**2. Garnishment ⬳243 — Surety on replevy bond replaces garnishee.**

A surety on replevy bond replaces garnishee, and can urge any defense that garnishee could assert.

**3. Garnishment ⬳7—Final judgment in original case necessary, before writ can be legally issued.**

Before writ of garnishment after judgment can legally issue, there must be a final judgment in original case, and if such judgment falls, garnishment proceeding falls with it.

**4. Garnishment ⬳7—Judgment for cross-defendant held not final judgment warranting garnishment.**

A judgment in favor of defendant on his cross-action against codefendant, without disposition of remainder of suit, held not a "final judgment" constituting sufficient basis for issuance of writ of garnishment under Rev. St. art. 271, subd. 3, and hence whole garnishment proceedings, including judgment against surety on replevy bond, were void and not validated by final judgment subsequently rendered.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

` Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by the Farmers' State Bank & Trust Company against J. E. Miller and others, in which E. A. Keith was made party defendant and the New Amsterdam Casualty Company became surety on replevy bond. From a judgment of the Court of Civil Appeals (260 S. W. 695), affirming a judgment in favor of Keith against the New Amsterdam Casualty Company, the latter brings error. Reversed and rendered.

Albert B. Hall, of Dallas, for plaintiff in error.

Burkett, Orr & McCarty, of Eastland, for defendants in error.

CHAPMAN, J. The Farmers' State Bank & Trust Company of Gorman, Texas, in one of the district courts of Eastland county, brought suit against J. E. Miller and his two sureties on a promissory note in the sum of $5,084.60, executed by Miller and the sureties in favor of the bank, and to foreclose its lien given in a chattel mortgage by Miller to the bank to further secure the payment of the note mentioned.

Miller, in his answer, alleged that he had entered into a contract with one E. A. Keith for a sale to him of the property covered by the chattel mortgage, and that as a part of the consideration therefor the said Keith assumed the payment of the promissory note held by the bank against Miller and his sureties, and, at the suggestion of Miller, Keith was made a party to the suit.

Defendant Keith answered the allegations made by Miller, and alleged that he had executed a certain note to Miller and paid him certain cash, and alleged that Miller was indebted to him in a large sum and prayed for such sum, and the cancellation of the note executed by him in favor of Miller.

On May 12, 1921, the district court entered its judgment continuing the cause as between the bank and Miller, so that citation by publication might be had on one of Miller's sureties, but in the judgment held that Keith was entitled to a hearing on his cross-action against Miller, and after hearing evidence as to such cross-action, rendered judgment in favor of Keith against Miller in the sum of $5,000. Miller appealed from this judgment, and his appeal was dismissed by the Court of Civil Appeals of El Paso because there was no final judgment in the cause in the district court. Miller v. Farmers' State Bank & Trust Co. (Tex. Civ. App.) 241 S. W. 540.

On May 14, 1921, Keith made affidavit that he had recovered judgment against Miller on the 12th day of May, 1921, for the sum of $5,000, and prayed for a writ of garnishment against the Fensland Oil Company. Upon this affidavit, which is in proper form, the writ of garnishment was issued on the same

day that the affidavit was made, and on June 7, 1921, the Fensland Oil Company made its answer in garnishment, showing that it was indebted to J. E. Miller in approximately the sum of $20,000. J. E. Miller replevied the claim garnished by Keith, by filing his replevy bond with plaintiff in error, New Amsterdam Casualty Company, as surety.

On October 12, 1921, the district court rendered judgment in favor of the bank against Miller and his sureties on the note sued on by the bank, and also for a foreclosure of the chattel mortgage lien referred to. No reference was made in this judgment to the controversy between Keith and Miller. On November 28, 1921, at the same term of court, at which the last-mentioned judgment was entered, Keith filed a motion to amend the judgment of October 12, 1921, by adding thereto the judgment rendered May 12, 1921, and on December 1, 1921, the district court entered its order, copying the judgment of May 12, and the one of October 12, making the two the final judgment in the case. On June 17, 1922, judgment was rendered in favor of Keith against the garnishee, Fensland Oil Company, and against Miller and New Amsterdam Casualty Company, surety, on his replevy bond for the sum of $5,000, together with accrued interest. In due time plaintiff in error, New Amsterdam Casualty Company, sued out its writ of error to the Court of Civil Appeals, because of the judgment rendered against it in garnishment, and, the judgment of the district court was affirmed. 260 S. W. 695.

The issue raised by plaintiff in error in this court is that the judgment of the trial court of May 12, 1921, in favor of Keith was not a final judgment and could not be the basis for the issuance of a writ of garnishment, and that there being no basis for the issuance of the writ, all the garnishment proceedings were void, and therefore it was error to render a summary judgment in garnishment against plaintiff in error.

[1] Garnishment is a harsh remedy, is entirely statutory, and will be strictly construed against the party resorting to the remedy. 28 Corpus Juris, 26; Freeman v. Miller, 51 Tex. 443; Jemison v. Scarborough, 56 Tex. 358; Scurlock v. Railway Co., 77 Tex. 478, 14 S. W. 148.

[2] A surety on a replevy bond takes the place of a garnishee and can urge any defense that the garnishee could assert. Lumber Co. v. Bank, 91 Tex. 95, 41 S. W. 64; Mitchell v. Bloom, 91 Tex. 634, 45 S. W. 558.

[3] There must be a final judgment in the original case before the writ of garnishment can legally issue, and if the judgment in the original case falls, the garnishment proceedings fall with it. To sustain this statement, we quote the following:

"As the whole object of garnishment is to reach effects or credits in the garnishee's hands, so as to subject them to the payment of such

judgment as the plaintiff may recover against the defendant, it results necessarily that there can be no judgment against the garnishee, until judgment against the defendant shall have been recovered. The judgment against the defendant must be 'a lawful and valid one; if it be void, the judgment against the garnishee is' also void. And it must be a final one." Drake on Attachment, p. 405.

"But if the court have no jurisdiction of the subject-matter, or if jurisdiction be exercised without any legal foundation being laid for it, the whole proceeding is void, and the defendant's property is not alienated through it. His rights exist, to every intent, as if the proceeding had never taken place." Drake on Attachment, p. 622.

"Inasmuch as a valid judgment against the principal defendant is essential both as a foundation for a judgment against the garnishee, and for his protection, the garnishee is entitled 'to assert any defenses or objections to the proceedings against the principal defendant whch are of a jurisdictional character, or which would render the judgment void. This is clearly so where the statute makes a valid judgment against defendant a prerequisite to recovery against the garnishee." 28 Corpus Juris, 276.

The first and third quotations apply more specifically to garnishment before judgment, but the general principles stated apply also to garnishment after judgment. Some phase of the text is sustained in each of the following cases. Haggerty v. Ward, 25 Tex. 144; Wiggins v. Anderson, 1 Tex. 75; Perry-Rice Grocery Co. v. Craddock Grocery Co., 34 Tex. Civ. App. 442, 78 S. W. 966; Timm v. Stegman et al., 6 Wash. 13, 32 P. 1004; Rowlett v. Lane, 43 Tex. 274; Edrington v. Allsbrooks, 21 Tex. 186; Horst v. Insurance Co., 73 Tex. 67, 11 S. W. 148; Shoemaker v. Pace (Tex. Civ. App.) 41 S. W. 498.

[4] From the foregoing it appears' that the whole case depends on whether the judgment, of May 12, 1921, in favor of Keith and against Miller, was such a judgment as would be a sufficient basis for the issuance of a writ of garnishment under subdivision 3 of article 271, Revised Civil Statutes. From the provision of said subdivision 3, and from the authorities 'quoted, we believe the judgment mentioned' in said subdivision means a final judgment upon which execution could issue. As to what is a final judgment, we quote from Wootters v. Kauffman, 67 Tex. 496, 3 S. W. 468:

"Our statutes provide that there shall be but one final judgment in any case. It follows from this that if there be several defendants to a suit, no final judgment can be rendered against one until it is rendered against all, however independent of each other their respective defenses may be. Hence a new trial as to one is a new trial as to all, as has been decided by this court in Long v. Garnett, 45 Tex. 400; and a continuance as to one defendant is a continuance as to the others, although the court may attempt to render final judgment against the latter."

Martin v. Crow, 28 Tex. 614:

"Until a final judgment is rendered in the court below, this court has no jurisdiction of the cause. When the whole of the matter in controversy is finally disposed of as to all the parties, then there is a final judgment, and not before, from which an appeal or writ of error can be taken."

These authorities clearly show that the judgment. of May 12, 1921, in favor of Keith and against Miller, was not a final judgment, and therefore it was not such a judgment that execution could be issued under it, and we believe was not such a judgment as could be the basis for the issuance of a writ of garnishment under the provisions of subdivision 3, of article 271, Revised Civil Statutes. There being no proper basis for the issuance of the writ of garnishment, the whole garnishment proceedings, including the judgment against plaintiff in error, are void. The final judgment of December 1, could not relate back and give validity to the garnishment proceedings. The judgment upon which the writ of garnishment was based, being a part of the record and showing upon its face that it was not a final judgment, the facts as to the basis for the issuance of the writ of garnishment could not be changed on another trial.

We therefore recommend that the judgment of the district court and Court of Civil Appeals be reversed, and that judgment be here rendered in favor of plaintiff in error, New Amsterdam Casualty Company.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiff in error.