**MADERO et al. v. CALZADO et al. ***
(No. 7498.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 10, 1926.)

Garnishment ☞7, 196.

Judgment in garnishment proceeding is dependent upon original judgment against defendants, and falls if latter is void or reversed.

Error from District Court, Bexar County; Robert W. B. Terrell, Judge.

Garnishment by .Eusebio Calzado against Carolina Villareal de Madero and others, and the Mexico-Texas Petroline & Asphalt Company, garnishee. Judgment entered for plaintiff against the garnishee, and defendants bring error. Reversed and remanded.

' See, also, 274 S. W. 657.

Hicks, Hicks, Dickson & Bobbitt and Yale Hicks, all of San Antonio, for plaintiffs in error.

Robert G. Harris, of San Antonio, Phillips, Trammell & Chizum, of Fort Worth, and Wm. C. Church and Douglas N. Lawley, both of San Antonio, for defendant in error.

FLY, C. J. This writ of error has been prosecuted from a judgment in a garnishment suit, applied for and obtained by Eusebio Calzado against the Mexico-Texas Petroline & Asphalt Company, a corporation, in a case in which Eusebio Calzado was the plaintiff and Gustavo Madero and the unknown heirs of Gustavo A. Madero and Carolina Villareal de Madero were defendants. The judgment in the garnishment suit recites that plaintiffs in error were nonresidents of Texas, had been cited by publication, had made default, and that judgment had been rendered against them in cause No. B–37286 of the district court, for $20,600.21, and it appearing to the court that plaintiffs in error owned stock in the Mexico-Texas Petroline & Asphalt Company, the judgment was that the stock should be sold and the proceeds applied to the payment of the original judgment herein described. The judgment in the original case of Eusebio Calzado v. Gustavo Maderó and the unknown heirs aforesaid was reversed, and the cause remanded in a decision of this court handed down on February 3, 1926, in which the judgment was held to be void for the reasons fully stated therein.

All the matters presented in the assignments of error have been disposed of in the case of Gustavo Madero v. Eusebio Calzado, 281 S. W. 328, heretofore decided by this court, and need not be further discussed herein.

The judgment in a garnishment proceeding is dependent on the original judgment against the defendants therein, and if that judgment be void or be reversed the judgment in gar-

nishment is deprived of a basis and falls with it. Edrington v. Allsbrooks, 21 Tex. 186; Rowlett v. Lane, 43 Tex. 274; Horst v. Ins. Co., 11 S. W. 148, 73 Tex. 67.

The judgment is reversed, and the cause remanded.