### AUTOMOBILE FINANCE CO. v. BRYAN et al.   (No. 2948.)

Court of Civil Appeals of Texas. Amarillo.
Jan. 18, 1928.

Rehearing Denied Feb. 15, 1928. Second Motion for Rehearing Denied March 7, 1928.

1. **Judgment ⬿28—Judgment may be part valid and part void.**

A part of a judgment may be void even though remaining part is valid.

2. **Judgment ⬿464—Where part of judgment decreeing personal recovery against plaintiffs was void, plaintiffs could restrain its enforcement as to them (Rev. St. 1925, art. 4645).**

Where part of judgment decreeing personal recovery against plaintiffs was void, they could maintain an injunction suit under Rev. St. 1925, art. 4645, to restrain enforcement of the personal judgment against them, notwithstanding remaining part of judgment was valid.

3. **Judgment ⬿251(1)—Court may render judgment only on basis of pleadings.**

Courts have no power to render judgment in favor of any person until their action is called into exercise by some kind of pleading.

4. **Chattel mortgages ⬿283—Personal judgment entered against garagemen in suit for foreclosure of chattel mortgage on car, in which petition sought no personal recovery against garagemen, merely alleged to be asserting claim, held void.**

Where petition by one holding chattel mortgage on automobile merely alleged execution of chattel mortgage and that garagemen were asserting claim to car, and prayed judgment against the purchaser of the car for the balance due, and judgment against all defendants for

foreclosure of chattel mortgage lien, personal judgment entered against the garagemen in such suit was unauthorized and void because not supported by the pleadings.

5. **Garnishment ⬿7—Invalidity of original judgment decreeing money recovery held to render invalid judgment in subsequent garnishment proceedings founded thereon.**

Where personal judgment rendered against garagemen in suit for foreclosure of chattel mortgage on automobile was void, judgment rendered against garagemen in subsequent garnishment proceedings founded on the original judgment was likewise void, especially where defendants were strangers to the garnishment proceedings.

6. **Venue ⬿21—Defendants' plea of privilege held properly overruled in suit to restrain enforcement of judgment, brought in county to which execution was issued, where judgment entered in county of defendant's residence was void (Rev. St. 1925, art. 4645, 4656).**

In suit under Rev. St. 1925, art. 4645, to restrain levy of execution upon property of plaintiffs under alleged void judgment in garnishment proceedings, defendant's plea of privilege to be sued in county of residence held properly overruled, notwithstanding article 4656, where personal judgment in original suit was void rendering judgment in garnishment proceedings likewise invalid, and writ of execution was issued to sheriff of county where suit was brought, though judgments were entered in county of defendant's residence.

7. **Courts ⬿480(3)—Court of county to which execution on garnishment judgment entered in another county was issued held to have jurisdiction to restrain enforcement thereof, where judgment on which garnishment was founded was void (Rev. St. 1925, art. 4645, 4656).**

Where judgment originally entered was void as to personal recovery decreed against plaintiffs, court of another county to which writ of execution was issued on garnishment judgment founded on original decree held to have jurisdiction under Rev. St. 1925, art. 4645, in suit to restrain enforcement of judgment notwithstanding article 4656.

8. **Abatement and revival ⬿82—Plea to jurisdiction should be filed before plea of privilege.**

Due order of pleading requires that plea to jurisdiction of the court be filed before plea of privilege.

9. **Equity ⬿39(3)—Court of county other than that of defendants' residence, having acquired jurisdiction in suit to enjoin enforcement of void judgment of other county, retained jurisdiction to determine question of damages (Rev. St. 1925, art. 4656).**

In suit to restrain enforcement of judgment in which court of county other than that in which judgment was rendered had jurisdiction under Rev. St. 1925, art. 4645, notwithstanding article 4656, on account of judgment's being void, such court would retain jurisdiction of suit for purpose of determining amount of damages, though defendants' domicile was in

other county, since court of equity, having acquired jurisdiction, will retain it for complete disposition of all rights involved.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by W. C. Bryan and another against the Automobile Finance Company. From the action of the trial court in overruling defendant's plea of privilege and plea to the jurisdiction, defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and Wilson & Randal and J. I. Kilpatrick, all of Lubbock, for appellant.

Douglas & Scott, of Lubbock, for appellees.

JACKSON, J. The appellees, W. C. Bryan and Newell Bryan, instituted this suit in the district court of Lubbock county, Tex., against H. L. Johnston, Citizens' National Bank of Lubbock, and the Automobile Finance Company.

Appellees allege:

That H. L. Johnston, the sheriff, and the Citizens' National Bank of Lubbock, Tex., are both resident citizens of Lubbock county, Tex., and that the Automobile Finance Company, the appellant herein, is a private corporation, with its legal residence in Galveston county, Tex. That at all the dates alleged, appellees were partners, conducting their automobile garage and storage business in Lubbock, Tex., under the trade-name of Oakland Sales Company. That on August 15, 1925, J. G. McCaffree brought to them a Ford automobile and requested that they make certain repairs thereon and store it for a price agreed upon. That the repairs were made and the car kept in storage for more than 60 days, after which, McCaffree having failed to call for the automobile, or pay the charges, the appellees, after duly advertising as prescribed by law, did, on February 20, 1926, sell the interest of McCaffree in said car for the sum of $35, which was less than the charges then due them on the car.

That on March 27, 1926, the appellant filed suit in the county court of Galveston county, Tex., No. 13573, naming J. G. McCaffree and the appellees as defendants, but that process in said suit was served only upon W. C. Bryan. That the petition in said suit alleged in substance that J. G. McCaffree had purchased a certain Ford touring car from the Slaton Motor Company and executed a chattel mortgage note for part of the purchase money, payable to appellant in installments, which constituted a chattel mortgage lien upon the automobile. That the only allegations in the petition in said suit, relating to the appellees, were:

"That the defendants W. C. Bryan and Newell Bryan, individually and operating as Oakland Sales, are asserting some character of claim to the automobile hereinbefore described, and according to plaintiff's information are in possession thereof. Wherefore, because of the matters and things hereinbefore alleged, a cause of action hath accrued in favor of plaintiff and against the defendant McCaffree for the recovery of said balance of $118.36, with accrued interest and attorney's fees, as hereinabove set out, and in its favor against all of the defendants for foreclosure of its chattel mortgage lien against and upon said automobile in satisfaction of said indebtedness."

That in its petition, the Automobile Finance Company prayed that:

"It have judgment for its debt and for foreclosure of its chattel mortgage lien, for costs and all such other and further relief, legal and equitable, general and special, to which it may be entitled."

That at the time service of said suit was had on the firm, appellees were not claiming any interest in the automobile, did not have possession thereof, filed no answer, and made no appearance in said suit, because, under the pleadings, no cause of action was alleged against them, and no personal judgment sought and no relief asked against them except the foreclosure of the alleged mortgage. That in its petition said company did not allege that its chattel mortgage had been registered in Lubbock county, where the car was situated, nor that the appellees had actual knowledge or constructive notice of its claim when they made the repairs, and appellees allege that they did not have such notice and charge that said mortgage was never registered in Lubbock county. That said petition did not allege the exercise of any unlawful dominion or control over the car by appellees, and did not allege any facts showing they had converted the car to their use and benefit, nor did the petition allege any right to nor seek any personal judgment against appellees, but sought only a foreclosure of the alleged mortgage and the sale of the automobile to satisfy a personal debt against the said J. G. McCaffree. That although said Automobile Finance Company, in its pleading, sought no personal judgment against the appellees, on June 5, 1926, it fraudulently procured the entry of a personal judgment in said cause against the appellees, for the sum of $144.51, together with 10 per cent. annual interest and costs, with an order for an execution to be issued on said judgment. That the entry of the judgment was procured fraudulently and maliciously, with full knowledge that the Automobile Finance Company was not entitled thereto, and for the purpose of harassing and injuring the appellees and forcing them to pay off an unjust obligation through extortion and abuse of process. That appellees did not learn of the entry of such void judgment until in July, 1926, through a letter from the attorneys of the Automobile Finance Company. That said judgment, in so far as it decreed a money recovery against the appel-

lees, was and is absolutely null and void, because the pleadings would neither authorize nor support said judgment, of all of which the Automobile Finance Company knew and to which it agreed through its attorneys. That so far as appellees have been able to learn, no execution on said judgment was ever issued to any county, and it is now dormant; no order of sale was ever issued thereon or any attempt made to locate and sell the automobile upon which the chattel mortgage was foreclosed. That ever since the institution of said suit, the Automobile Finance Company has known and it is a fact that the appellees were and are solvent and have property subject to execution many times the value necessary to satisfy said judgment.

That notwithstanding these facts, on December 29, 1926, the Automobile Finance Company made and filed its affidavit for garnishment in cause No. 13791, in the county court of Galveston county, based on the judgment in cause No. 13573, in said court, in which it is alleged that the appellees had not sufficient property, within the knowledge of the Automobile Finance Company, to satisfy such judgment, and that it had reason to believe and did believe that the Citizens' National Bank of Lubbock was indebted to the appellees. That the allegations in said affidavit for garnishment were false and the Automobile Finance Company knew, or could have learned by ordinary diligence, that the appellees had sufficient property in Lubbock county, Tex., to satisfy such judgment by the issuance of ordinary process to Lubbock county. That the Automobile Finance Company made no attempt to locate and subject the car to the satisfaction of its judgment by order of sale, but upon the strength of the affidavit procured the issuance of a writ of garnishment to Lubbock county and had the same served upon the Citizens' National Bank of Lubbock, Tex., impounding the sum of $6,591.36, which the appellees had on deposit in said bank. That on account of said writ, the bank has withheld from the appellees said sum of money since January 17, 1927, and they have been deprived of the use thereof, to their actual damage to the extent of interest at the rate of 6 per cent. per annum from said date. That on June 10, 1927, the Automobile Finance Company, notwithstanding it had promised not to do so, wrongfully and fraudulently procured the entry of a judgment in said garnishment suit against the Citizens' National Bank for the sum of $158.96, and for costs both in the main suit and the garnishment suit, and on August 10, 1927, caused a writ of execution to issue on the judgment in garnishment to H. L. Johnston, the sheriff of Lubbock county, Tex., directing him to make said judgment and costs as under execution, out of the goods, chattels, lands, and tenements of the Citizens' National Bank of Lubbock, together with costs for executing the writ. That said Johnston is threatening to and if not restrained by injunction will execute said writ, as directed. That the bank is possessed of ample property and holds $6,591.36 of appellees' money, out of which, if forced to do so, it will pay said judgments, all of which will work irreparable damage to appellees and for which they have no adequate remedy at law. That the conduct of the Automobile Finance Company, as alleged, was wrongful and malicious and done with a bad motive for the purpose of injuring and harassing the appellees, and with such reckless disregard of the legal rights of the appellees as to amount, in law, to malice and evil intent. That because of said judgments and the process aforesaid, the appellees have been damaged in their reputation and credit in the sum of $5,000, and they are further entitled to recover exemplary damages in the sum of $5,000.

The appellees pray that a temporary writ of injunction issue, restraining the sheriff and his deputies from executing said writ of execution or any other process issued upon said judgments, or either of them, except an order for the sale of the automobile upon which the chattel mortgage was foreclosed, until the further order of the court, and restraining the appellant, its agents and attorneys, from causing the execution of said writ or any other process, or enforcing or attempting to enforce either of said judgments until the further order of the court, except by an order of sale in the main cause, for the seizure and sale of the automobile, but without execution for a deficiency judgment against appellees; that the writ or writs of injunction be made returnable to the district court of Lubbock county; that citation issue to all of the defendants, and upon a final hearing the injunction be perpetuated, the judgments and the abstracts thereof be canceled and declared null and void, and that appellees have judgment against the appellant for its actual and exemplary damages as alleged, for costs of suit and such other relief, general and special, as it may be entitled to in law or in equity, and that the bank be directed to pay over to appellees their moneys impounded by the writ of garnishment, and that it be released from all liability thereunder.

The trial court granted a temporary restraining order upon the filing by appellees of a bond in the sum of $500.

The appellant filed its plea of privilege to the action for alleged damages, because its legal residence was and is in Galveston county, and no damages are sought against either of the other defendants, but against it only.

Appellant also filed its plea to the jurisdiction of the district court of Lubbock county, Tex., to hear and determine the injunction suit, invoking article 4656 of the Revised Civil Statutes of Texas in support thereof.

On the merits, it pleaded general demurrer and general denial.

The appellees filed their controverting affidavit to appellant's plea of privilege, and therein made their petition a part of said controverting affidavit, and set up that the suit is against three different defendants, two of whom reside in Lubbock county, Tex., and who are necessary parties; that the statute of venue has no application, because the judgment, the enforcement of which is sought to be enjoined, is absolutely void; that the appellant placed process issued upon a void judgment, in the hands of the sheriff of Lubbock county, Texas, directed the execution thereof in said county and damaged appellees' credit, standing, and reputation by the wrongful threats and attempts to enforce, by execution, said void judgments and wrongful process in the items and amounts alleged.

The court, after hearing the evidence, overruled appellant's plea of privilege and its plea to the jurisdiction, from which rulings this appeal is prosecuted.

The appellant, by proper assignment, challenges the jurisdiction of the district court of Lubbock county, Tex., to finally determine the right of appellees to the injunctive relief sought, because, under article 4656, R. C. S. 1925, the writ restraining the levy of the execution upon the property of the bank should have been made returnable to the court of Galveston county, which rendered the judgment and issued the execution, and appellees failed to allege that the judgment in garnishment is void.

The appellees pleaded that the judgment in the original suit No. 13573, in the county court of Galveston county, in so far as it decreed a money recovery against the appellees, was and is absolutely null and void, because the pleadings would neither authorize nor support such judgment; that based on said void judgment and appellant's affidavit, which was false, the county court of Galveston county issued a writ of garnishment against the Citizens' National Bank of Lubbock, Tex., and appellant thereby fraudulently obtained the entry of the judgment in garnishment in the county court of Galveston county.

The copy of the petition attached to the citation served upon W. C. Bryan in the original suit in Galveston county court, No. 13573, does not allege a cause of action which would authorize or support a personal judgment against either of the appellees. The allegations are that W. C. Bryan and Newell Bryan are asserting some character of claim to the automobile, and, according to the information of the plaintiff in the suit, are in possession thereof, and that it is entitled to a foreclosure of its chattel mortgage lien on the automobile against W. C. Bryan and Newell Bryan, and prays for that relief only. The decree in cause No. 13573 discloses that J. G. McCaffree was dismissed from the suit and judgment entered that the Automobile Finance Company have and recover of and from W. C. Bryan and Newell Bryan, individually, and as the Oakland Sales Company, jointly and severally, the sum of $144.51, with interest at the rate of 10 per cent. per annum and costs, and for foreclosure of the chattel mortgage; that an order of sale issue to the sheriff or constable of Lubbock county, directing the seizure and sale of the automobile, the proceeds of such sale to be applied to the liquidation of the judgment, and if the automobile could not be found or the proceeds of the sale thereof were insufficient to satisfy the judgment, that such officer make the judgment or balance thereof out of any other property of W. C. Bryan and Newell Bryan, or either of them, subject to execution. In the verified pleading on which the writ of garnishment was issued, the Automobile Finance Company states that it recovered judgment against W. C. Bryan and Newell Bryan, in cause No. 13,573, for the sum of $144.51, with interest; that nothing had been paid or collected on the judgment; that it was still unsatisfied, and that W. C. and Newell Bryan had not, within its knowledge, property in their possession in the state, subject to execution, sufficient to satisfy the judgment, and that said company had reason to believe and did believe that the Citizens' National Bank of Lubbock, Tex., was indebted to the said Bryans, either individually or under the name of Oakland Sales Company. The writ of garnishment was served on the bank, and over $5,000 subject to the check of appellees was and is still impounded.

On this verified pleading, the writ of garnishment and the void judgment on the original suit, the county court of Galveston county entered judgment in the garnishment suit No. 13791, in favor of the Automobile Finance Company, reciting that said company, as plaintiff in cause No. 13573, had recovered judgment against W. C. Bryan and Newell Bryan for the sum of $144.51, with interest, etc., and decreed that said company have and recover of the Citizens' National Bank of Lubbock, garnishee, judgment for the sum of $158.96, being principal and interest, together with $16.40 costs; that the Citizens' National Bank recover of W. C. Bryan and Newell Bryan the sum of $10, as reasonable costs incurred by it as attorney's fees in the garnishment suit.

It will be noted that appellees, as revealed by this record, were strangers to the judgment in garnishment. Missouri Pac. Ry. Co. v. Whipsker, 77 Tex. 14, 13 S. W. 639, 8 L. R. A. 321, 19 Am. St. Rep. 734; Johnson v. Hall (Tex. Civ. App.) 163 S. W. 399.

On the judgment in garnishment, the county court of Galveston county issued a writ of

execution against the Citizens' National Bank of Lubbock and placed it in the hands of the sheriff of Lubbock county for execution.

The appellees do not assail that part of the original judgment in cause No. 13573, which foreclosed the chattel mortgage against the automobile, but do attack, as null and void, because without pleadings to support it, that part of the decree which adjudged a personal recovery against them.

[1-4] A part of a judgment may be valid and a part of it void. Twichell v. Askew et al. (Tex. Civ. App.) 141 S. W. 1073. Hence if the part of the judgment in cause 13573, decreeing a personal recovery against the appellees, was void, they could maintain an injunction suit to restrain the enforcement of such personal judgment against them. Article 4645, R. C. S. 1925. The record before us discloses that the judgment entered in the county court of Galveston county, decreeing the personal recovery against appellees, was rendered without pleadings upon which it could be based. "Courts have no more power, until their action is called into exercise by some kind of pleading, to render a judgment in favor of any person than they have to render judgment against a person until he has been brought within the jurisdiction of the court in some method recognized by law as sufficient." Dunlap v. Southerlin, 63 Tex. 38.

This is the settled law in Texas. McCamant v. McCamant (Tex. Civ. App.) 187 S. W. 1096; Edinburg v. Paschen (Tex. Civ. App.) 223 S. W. 329; Id. (Tex. Com. App.) 235 S. W. 1088; Hydraulic Casing Pulling Co. v. Brown (Tex. Civ. App.) 297 S. W. 770. It follows, therefore, that the personal judgment entered against appellees in the original suit is void.

[5-7] The appellant contends, however, that appellees failed to allege in their application for injunction that the judgment in the garnishment suit, No. 13791, the enforcement of which they sought to enjoin, was void, and therefore the district court of Lubbock county, Tex., was without jurisdiction to finally determine the rights of appellees to injunctive relief. The judgment in the garnishment suit was founded and dependent upon the judgment in the original suit. The judgment in the original suit was void. Hence the judgment in the garnishment suit was void. E. H. Edrington v. Lawrence Allsbrooks, 21 Tex. 185; Rowlett v. Lane, 43 Tex. 274; Horst v. City of London Fire Ins. Co., 73 Tex. 67, 11 S. W. 148; Shoemaker v. Pace, (Tex. Civ. App.) 41 S. W. 498; Burrow v. Gerlach (Tex. Civ. App.) 200 S. W. 250; First National Bank v. Alexander (Tex. Civ. App.) 236 S. W. 229; First National Bank of Houston v. C. H. Meyers & Co. (Tex. Civ. App.) 283 S. W. 265.

"The judgment being a mere nullity and open to collateral attack, any attempt, by process based upon it, to reach the property of the person against whom it is rendered, is an unlawful invasion of his rights of property, against which, in the absence of other adequate remedy, he is entitled to injunction. An attempt to enforce by process such a nullity is as devoid of lawful authority as would be a seizure without process. In neither case would the existence of a valid debt aid the unlawful act." Kern v. Freeze, 96 Tex. 513, 74 S. W. 303.

Judge Phillips, in Cotton v. Rhea, 106 Tex. at p. 223, 163 S. W. 4, says:

"Viewing the question as it arises under the cause of action presented in the petition which concerned the validity of the county court judgment, the district court, at all events and regardless of the effect of article 4653, Revised Statutes 1911, upon the authority to enjoin the enforcement of a void judgment of another court, was without jurisdiction to interfere with its execution if it was not void; and this part of the question may be resolved, therefore, by determining that of the validity of the judgment. Our view is that if the judgment was a nullity as affirmatively disclosed by the record, it was subject to such collateral attack in any competent court otherwise vested with jurisdiction of the immediate action in which it might be challenged; that the authority of the court to restrain the enforcement of such a judgment is uncontrolled by article 4653, but proceeds from its power, in the exercise of a jurisdiction otherwise appropriately invoked, to protect rights from the operation of a void proceeding. Bender v. Damon, 72 Tex. 92 [9 S. W. 747]; Ketelson [Ketelsen & Degetau] v. Pratt Bros. [Tex. Civ. App.] 100 S. W. 1172."

See, also, Wright v. Shipman (Tex. Civ. App.) 279 S. W. 296; Glass v. Smith, 66 Tex. 548, 2 S. W. 195; Bender v. Damon, 72 Tex. 92, 9 S. W. 747; Baker v. Crosbyton South Plains R. Co., 107 Tex. 566, 182 S. W. 287; Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347; Lester v. Gatewood (Tex. Civ. App.) 166 S. W. 389.

[8] The appellant filed its plea to the jurisdiction of the district court of Lubbock county, Tex., on September 5, 1927, after it had filed its plea of privilege on September 2, 1927, and hence did not follow the due order of pleading. San Antonio Drug Co. v. Red Cross Pharmacy (Tex. Civ. App.) 199 S. W. 324. However, we have considered and disposed of its contentions as to jurisdiction.

[9] The appellant assigns as error the action of the district court in Lubbock county in overruling its plea of privilege to be sued in the district court of Galveston county, in so far as the suit of appellees is for damages, because it is a private corporation, with its domicile in Galveston county, and it is the only defendant against which damages are sought.

" * * * In the present case, when the district court had obtained cognizance of the cause by reason of an injunction sued out to restrain the sale of the property levied on under execution, it rightfully retained it for the purpose of decreeing damages for a detention of the

property by the sheriff and plaintiff in execution.

"All that is necessary to the exercise of the jurisdiction once obtained is that the subject to be embraced in the decree is something incidental to the cause of action which originally gave the court jurisdiction, or so closely connected with it as to render its determination necessary to a final decision of the whole controversy between the parties. This principle is peculiarly applicable to our system of jurisprudence, the theory of which is, that a multiplicity of suits growing out of the same subject-matter must be avoided, and all controversies, so far as they are germane to the original cause of action, settled in the same suit." Chambers & Thigpen v. Henry Cannon et al., 62 Tex. 295, 296. * * *

"The rule is also well established that, when a court of equity acquires jurisdiction of a cause of action with all defendants properly joined, it will retain jurisdiction for every purpose and for the complete determination of all rights involved in the subject-matter, even to granting purely legal remedies; the general purpose of such joinder being to avoid a multiplicity of suits, which is a well-established policy of our law. Morris v. McKinney, Dallam, Dig. 619; Yellow Pine Lbr. Co. v. Carroll, 76 Tex. 135, 13 S. W. 261; Edinburg Irrigation Co. v. Ledbetter (Tex. Civ. App.) 247 S. W. 344; Milliken v. Callahan Co., 69 Tex. 209, 6 S. W. 681; O'Brien v. First State Bank, etc. (Tex. Civ. App.) 239 S. W. 714; Chambers et al. v. Cannon, 62 Tex. 293." Cox v. Sinclair Gulf Oil Co. (Tex. Civ. App.) 265 S. W. 200.

See, also, Stein v. Frieberg et al., 64 Tex. 271; Stewart v. Patterson (Tex. Civ. App.) 204 S. W. 769; Geary v. Word (Tex. Civ. App.) 259 S. W. 309.

The case has not yet been determined on the merits, the trial court simply retaining jurisdiction and venue for that purpose.

The judgment is affirmed.