MADDEN et al. v. JONES.

No. 2924.

Court of Civil Appeals of Texas. El Paso.

Jan. 4, 1934.

Rehearing Denied Feb. 15, 1934.

R. W. Stoddard, of Denison, and W. F. Bane, of Dallas, for appellants.

Geo. Clifton Edwards, of Dallas, for appellee.

WALTHALL, Justice.

This appeal is prosecuted from an order of the district court of Dallas county overruling pleas of privilege to have this case transferred for trial to the district court of Grayson county.

The record shows substantially the following:

K. T. Jones, as independent executor of the estate of Mrs. Bettie Jones, deceased, brought this suit in the district court of Dallas county against Ralph Aspley and Jesse Madden, individually and as partners doing business under the partnership name of Aspley-Madden Motor Company, all alleged to be residents of Grayson county. After stating plaintiff's residence to be in Dallas county, his appointment as independent executor of such estate, then pending in the probate court of Dallas county, and that he had notified defendants that said estate was pending in Dallas county, he alleges, briefly stated, that defendants, Aspley and Madden, had notified him of their intention to sell at auction, stating the time, certain lands belonging to said estate, wherever said lands may be situated, by reason of a default in the payment of a debt of $1,500 secured by mortgage executed by Mrs. Bettie Jones and K. T. Jones on December 30, 1930, to defendants, Aspley and Madden.

Plaintiff denies that he or Mrs. Bettie Jones executed such mortgage; denies that such mortgage exists; alleges that, if there is any such mortgage, same is a forgery; denies that he personally, or the estate of Mrs. Bettie Jones, is indebted to defendants; and sues to cancel as a forgery said mortgage if it exists, and to cancel any claim whatsoever asserted by defendants. Plaintiff alleges that, if said threatened sale is not enjoined, irreparable damage will result to plaintiff and said estate; he asked for a temporary writ of injunction restraining such sale. Plaintiff prayed that on final trial "said mortgage and all claims of defendants against plaintiff thereon be declared void and of no effect." The petition is verified. The court granted a temporary writ of injunction, and the writ issued, was served, and return of service made. Citation was issued, served, and return made.

Notice was issued on November 16, 1932, and served upon each of defendants on November 17, 1932, to appear on November 26, 1932, to show cause why said restraining order should not be continued in force. The defendants failed to appear at the time stated, and the court directed that the restraining order be continued in force during the pendency of the suit.

On December 3, 1932, each of the defendants filed a duly verified plea of privilege to be sued in Grayson county, the county of their residence; such residence being as stated in plaintiff's petition and in their plea. No objection is made to the pleas as not being in good form.

On January 4, 1933, plaintiff, Jones, filed a controverting plea to the effect that the allegations of his petition are true, and refers to his petition and makes it a part of his plea; states the purpose of his suit to be to "protect the estate of Mrs. Bettie Jones," then pending in the probate court of Dallas county, and to cancel the indebtedness against Mrs. Bettie Jones asserted by defendants; that the suit is for injunction restraining a sale on an invalid, void, or forged deed of trust.

On March 4, 1933, the court heard the pleas of privilege and the controverting plea and overruled the pleas of privilege, to which ruling defendants each excepted and gave notice of and perfected this appeal.

The parties agree in writing that the following constitutes the evidence heard on the trial of the pleas: The plaintiff's petition; the writ of injunction and sheriff's return thereon; notice to defendants to appear and show cause why the restraining order should not be continued in force and the officer's return thereon; the order of the court continuing the restraining order in force during the pendency of the suit. It was agreed that the defendants, at all the times mentioned, were residents of Grayson county, Tex.

### Opinion.

Appellants submit one proposition, and to the effect that appellants being residents of Grayson county, the plaintiff's suit being for an injunction to restrain a sale under a mortgage, and the cancellation of the mortgage and claims of appellants, under said mortgage, there being no exception to the exclusive venue of the suit in the county of appellants' residence, and there being no waiver on the part of appellants of their pleas of privilege to be sued in Grayson

county, the court should have transferred the case to Grayson county for trial on the merits.

Appellee's counter proposition is to the effect that, since appellants had notice of the restraining order and notice to show cause as stated, their default to appear and answer authorized the court to take jurisdiction and to enter the order continuing said restraining order in effect until the case was decided, and the court, having assumed jurisdiction by reason of the injunction, the court will retain jurisdiction of the subject-matter of the suit.

The court does not state the ground upon which the pleas of privilege were overruled. Plaintiff in his brief states that the pleas were overruled because the court held that, in taking jurisdiction of the cause in continuing the injunction, the court thereby assumed jurisdiction for all purposes.

The fact that appellants did not respond to the notice to appear and show cause why the temporary restraining order should not be continued, nor seek to have the restraining order dissolved, did not have the effect to waive their pleas of privilege to have the case transferred to Grayson county. Had they filed an answer or motion to dissolve such temporary order in response to such notice, any subsequent filing of such pleas would not have been in due order of pleading. The question of jurisdiction is not the question presented here, but the question presented is one of venue. Under the Practice Act applying to Dallas county, article 2092, subd. 14, appellants could file their pleas of privilege at any time at or before the time they were required to answer to the merits of appellee's suit. Neither the restraining order nor the action of the court in continuing the order in any way affected or precluded appellants from presenting their pleas as to venue.

We have not found in the record any evidence which suggests an exception to the statute, article 1995, providing that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile. Appellant, in his petition nor in his controverting plea, does not point out any exception that has application.

Appellee refers us to the case of Automobile Finance Co. v. Bryan et al. (Tex. Civ., App.) 3 S.W.(2d) 835, by the Amarillo court, as sustaining his contention. We have carefully reviewed that case, and are of the opinion that the facts of that case distinguish it from the instant case.

We have concluded that the court was in error in overruling appellants' plea of privilege.

The case is reversed and remanded, with instruction that the case be transferred to the district court of Grayson county.